[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12258

_____

D. C. Docket No. 06-80702-CV-KLR

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 29, 2008
THOMAS K. KAHN
CLERK

LORI JO BAILEY,
as the Personal Representative of the
Estate of Chad Beal,

Plaintiff-Appellant,

versus

JANSSEN PHARMACEUTICA, INC.,
JANSSEN, L.P., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 29, 2008)**

Before ANDERSON and SILER,* Circuit Judges.**

_____
* Honorable Eugene Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

** Judge Frank M. Hull was a member of the panel which heard oral argument but recused herself following oral argument and did not participate in this decision.  The case is decided by a quorum. See 28 U.S.C. §46(d) (2006); 11th Cir. R. 34-2.

ANDERSON, Circuit Judge:

Plaintiff-appellant, Lori Jo Bailey, brought this wrongful death action on behalf of Chad Edgar Beal ("Beal"), who died of fentanyl toxicity after he used a prescription patch manufactured, distributed, and retailed by the defendant companies. The action was originally filed in state court and removed under 28 U.S.C. § 1441(a), pursuant to § 1446(b), by the last-served defendant more than thirty days after service on the other defendants. Appellant moved to remand the action to state court, asserting that the notice of removal was untimely. The district court denied this motion and thereafter granted defendants' motions to dismiss with prejudice the first amended complaint on procedural and substantive grounds. Appellant challenges the district court's denial of her motion to remand and the dismissal of her complaint.

This case presents an issue of first impression for the Court with regards to whether, in multi-defendant litigation, the limitations period for removal expires upon thirty days from service on the first-served or last-served defendant under 28 U.S.C. § 1446(b). For the reasons that follow, we adopt the so-called "last-served" defendant rule and accordingly affirm the district court's denial of appellant's motion to remand the case to state court. We resolve the appeal of the motion to dismiss in an unpublished appendix to this opinion.

## I. FACTS

The decedent, Chad Edgar Beal, died on March 5, 2004, after having received an allegedly lethal dose of a pain narcotic, fentanyl, via a transdermal skin patch prescribed to him by his doctor. The prescription patch, Duragesic, was manufactured by defendant Alza Corporation ("Alza") and distributed by defendant Janssen Pharmaceutica, Inc. ("Janssen"), both of which are subsidiaries of the holding company, defendant Johnson & Johnson, Inc. ("Johnson & Johnson"). The patch was sold to Beal at a south Florida store of defendant Walgreen Co. ("Walgreen").

Beal's administrator originally brought this wrongful death action in Palm Beach County, Florida, on February 28, 2006. The first defendant served was Walgreen, on May 12, 2006. The next defendant, Alza, was served on May 15, 2006, and defendant Janssen was served several days later on May 19, 2006. Alza and Janssen filed motions to dismiss in state court on June 12, 2006. The last defendant served was Johnson & Johnson, and it was served on June 22, 2006. All defendants utilized the same attorney to represent them in the proceedings in state court. On July 24, 2006, the last-served defendant, Johnson & Johnson, filed a notice of removal of the action based on complete diversity, pursuant to 28 U.S.C.

3

§1446(b).[1]

Once the action was in federal court, the appellant timely sought remand, arguing that, under §1446(b), the time for filing a notice of removal runs from the date of service on the first defendant—here, Walgreen on May 12, 2006—and therefore Johnson & Johnson's notice was not timely brought within 30 days of the May 12 service.[2]  In its November 14, 2006, order, the district court adopted the "last-served" defendant rule, which permits each defendant to file a timely motion for removal within thirty days of receipt of service by that individual defendant. Under this rule, earlier-served defendants who may have waived their right to independently seek removal by failing to timely file a notice of removal—as Janssen, Alza, and Walgreen did here—may nevertheless consent to a timely motion by a later-served defendant.  The district court, therefore, denied the motion to remand the action to state court, having found that the notice of removal was timely and that all defendants consented to the notice.

## II.  STANDARD OF REVIEW

---

[1] This motion was filed within thirty days of receipt of service by Johnson & Johnson, under Fed. R. Civ. P. 6(a).  Thirty days from receipt of service would have been on July 22, 2006, a Saturday, so the last day for filing was July 24, 2006, the following Monday.

[2] Under appellant's argument, the time for removal would have expired before Johnson & Johnson even received service of process.

Because it involves questions of federal subject matter jurisdiction, we review the denial of a motion to remand a removed state court action de novo. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998). Moreover, the interpretation of § 1446(b) is a question of law we also review de novo. United States v. Hooshmand, 931 F.2d 725, 737 (11th Cir. 1991). We have jurisdiction to consider denial of a motion to remand upon the entry of a final order, which in this case was the district court's April 11, 2007, order, dismissing with prejudice the first amended complaint. Schell v. Food Mch. Corp., 87 F.2d 385, 387 (5th Cir. 1937).

## III. DISCUSSION

Section 1441(a) authorizes a defendant to seek removal of a suit originally brought in state court when the federal court has diversity jurisdiction over the cause of action. 28 U.S.C. §1441(a) (2006). Section 1446 describes the appropriate removal procedure to invoke federal jurisdiction, and requires the defendant seeking removal to file a timely notice of removal stating the grounds for removal with the appropriate federal district court. 28 U.S.C. §1446(a). In order to be timely,

> [t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .

5

§1446(b). The Supreme Court held in <u>Murphy Brothers., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325 (1999), that the time-window in § 1446(b) "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."

On its face, §1446(b) does not appear to address itself to multi-defendant litigation. <u>Brierly v. Alusuisse Flexible Packaging, Inc.</u>, 184 F.3d 527, 532 (6th Cir. 1999) ("The statutory language itself contemplates only one defendant and thus does not answer the question of how to calculate the timing for removal in the event that multiple defendants are served at different times, one or more of them outside the original 30-day period."). In applying the statute to multi-defendant litigation, courts have split over whether each individual defendant has a right to seek removal within thirty days of receipt of service or whether the appropriate time window for §1446(b) runs from receipt of service by the first-served defendant only[3]—in other words, whether the "first-served" or "last-served" defendant triggers §1446(b)'s

_____

[3] Commentators have split as well: the Sixth Circuit observed in <u>Brierly</u> that at the time it decided to endorse the last-served defendant rule, the two leading treatises, Wright & Miller and Moore's, came to divergent conclusions on the issue. See <u>Brierly</u>, 184 F.3d at 532 n.2.

limitations period.[4]  Appellant urges us to adopt the first-served defendant rule and accordingly find that Johnson & Johnson's notice of removal was not timely under §1446(b) because it was filed more than thirty days after receipt of service of process by the first-served defendant.  For the following reasons, we reject appellant's argument and interpret §1446(b) to permit each defendant thirty days in which to seek removal.  We thus conclude that Johnson & Johnson's notice of removal was timely.

First, we observe that the trend in recent case law favors the last-served defendant rule.  See, e.g., General Pump & Well, Inc. v. Laibe Supply Corp., No. CV607-30, 2007 WL 3238721, *2 (S.D. Ga. Oct. 31, 2007) ("More recently, however, the trend in the case law has been toward the later-served rule.  The Sixth and the Eighth Circuits, several district courts in this circuit and a court in this district have followed the later served rule.").  Among the four courts of appeals that have considered this issue, only the Fifth Circuit and (seemingly) the Fourth Circuit[5]

---

[4]  The nomenclature used by the courts on this issue is, generally, "last-served" versus "first-served," and so we have accordingly used this same language.  But we note that it may be more in keeping with our interpretation of the rule to think of the "last-served" defendant rule as the "each defendant" rule.  In other words, the statute should be read to permit each defendant, whether first or last served or somewhere in between, thirty days within which to file a notice of removal upon receipt of service.

[5]  The Fourth Circuit's decision in McKinney v. Board of Trustees of Mayland Community College, 955 F.2d 924 (4th Cir. 1992), endorsed the first-served rule, but in dicta.  See id. at 926 n.3 ("In a different situation, where B is served more than 30 days after A is served, two timing issues can arise, and the law is settled as to each.  First, if A petitions for

7

have adopted the first-served rule, and have held that a notice of removal is only timely if it is filed within thirty days of service of process on the first defendant. See Brown v. Demco, Inc., 792 F.2d 478, 481-82 (5th Cir. 1986) ("The general rule . . . is that if the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal.") (internal quotations and punctuation omitted); Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1262-63 (5th Cir. 1988) ("In cases involving multiple defendants, the

---

removal within 30 days, the case may be removed, and B can either join in the petition or move for remand. Second, if A does not petition for removal within 30 days, the case may not be removed."); see also id. at 926 ("While the first served defendant clearly must petition for removal within thirty days, section 1446(b) does not imply in any way that later served defendants have less than thirty days in which to act."). The actual issue in McKinney, however, was whether a later-served defendant has thirty days after effective service to join in a timely petition for removal filed within thirty days of the first-served defendant. The petition for removal was filed within thirty days of the first-served defendant in McKinney, but a later-served defendant did not join the notice within the original thirty-day window. The court held that each individual defendant has thirty days in which to join a timely filed notice of removal. Id. at 928.

The Northern District of Alabama was probably correct to note that McKinney endorsed, essentially, a middle ground between the first-served and last-served defendant rules; the court said:

> [T]he Fourth Circuit has adopted a position somewhere in between the first-served and last-served-defendant rules. In McKinney, the court held that each defendant has thirty days from the date on which it is served to join in "an otherwise valid removal petition." Thus, if the original notice of removal filed by an earlier-served defendant is defective in some way, the later-served defendant may not remove, even if it attempts to do so within thirty days of being served.

Fitzgerald v. Bestway Services, Inc., 284 F. Supp. 2d 1311, 1315-16 (N.D. Ala. 2003) (internal citations omitted).

thirty-day period begins to run as soon as the first defendant is served (provided the case is then removable)."); McKinney v. Bd. of Trustees of Md. Comm. Coll., 955 F.2d 924, 926 & n.3 (4th Cir. 1992).[6] The most recent of these decisions, the Fourth Circuit's decision in McKinney, is now more than fifteen years old. Conversely, the two courts among the circuit courts to have adopted the last-served defendant rule have done so far more recently: the Eighth Circuit in 2001, and the Sixth Circuit in 1999. Marano Enters. of Kan. v. Z-Teca Rests., L.P., 254 F.3d 753, 755 (8th Cir. 2001); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 (6th Cir. 1999).

Second, we are convinced that both common sense and considerations of equity favor the last-served defendant rule. The first-served rule has been criticized by other courts as being inequitable to later-served defendants who, through no fault of their own,[7] might, by virtue of the first-served rule, lose their statutory right to

---

[6] It is worth noting that none of these cases is procedurally identical to the instant case: in Brown, a newly added defendant—four years after the suit had commenced in state court—was denied the right to remove under the first-served defendant rule; in McKinney, the court permitted a later-served defendant thirty days in which to join a notice of removal filed within thirty days of the first-served defendant; in Getty Oil, the court held that all then-served defendants have to join a notice of appeal filed within thirty days of the first defendant.

[7] For example, in this case, there is no indication as to why service was delayed on Johnson & Johnson for more than a month after filing of this action. Of course, Johnson & Johnson, as the parent company, likely knew about the lawsuit prior to its receipt of service. But the Supreme Court has rejected using simple notice or constructive service to start the clock on § 1446(b) time window. See Murphy Bros., 526 U.S. at 347-48, 119 S. Ct. at 1325.

seek removal. Both the Eighth and Sixth Circuits endorsed the last-served defendant rule, at least in part, for equitable reasons. See Marano, 254 F.3d at 755 ("[The Fifth Circuit] did not consider, however, the 'hardships' to a defendant when the first-served defendant for whatever reason does not file a notice of removal within thirty days of service. Later-served defendants would not be afforded the opportunity to attempt to persuade their co-defendants to join a notice of removal if more than thirty days had passed since the first defendant was served."); Brierly, 184 F.3d at 533 (noting that "as a matter of fairness to later-served defendants" it endorsed the last-served rule).[8]

Third, the Sixth Circuit recognized that the first-served rule requires reading first-served defendant into the statute, whereas the statute, as written, could reasonably be read to permit each defendant a right to remove within thirty days of service on the individual defendant: "as a matter of statutory construction, holding that the time for removal commences for all purposes upon service of the first defendant would require us to insert 'first' before 'defendant' into the language of the statute. We are naturally reluctant to read additional words into the statute,

[8] The Fourth Circuit in McKinney relied in part on statutory changes—which made Rule 11 applicable to petitions for removal—to permit defendants a full thirty days in which to decide whether to join an otherwise timely notice of removal. If later-served defendants did not have the full thirty days to decide whether to join a petition for removal, it would be harsh to subject them to Rule 11 sanctions. See McKinney, 955 F.2d at 928.

10

however." Brierly, 184 F.3d at 533.

Fourth, we are unpersuaded by the rationale behind the first-served rule. Those courts that have endorsed the first-served rule have generally done so for two reasons: (1) it is perceived as more consistent with the unanimity rule for notices of removal; and, (2) courts are to narrowly construe the removal statute and federal jurisdiction. See, e.g., Brown, 792 F.2d at 482.

The unanimity rule requires that all defendants consent to and join a notice of removal in order for it to be effective. See Russell Corp. v. Am. Home Assur. Co., 264 F.3d 1040, 1050 (11th Cir. 2001). The last-served rule is not inconsistent with the rule of unanimity. Earlier-served defendants may choose to join in a later-served defendant's motion or not, therefore preserving the rule that a notice of removal must have the unanimous consent of the defendants. The unanimity rule alone does not command that a first-served defendant's failure to seek removal necessarily waives an unserved defendant's right to seek removal; it only requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal.

Although it is true that we have stated previously that "all uncertainties as to removal jurisdiction are to be resolved in favor of remand," Russell Corp., 264 F.3d at 1050, we do not find that a strict construction of the removal statute necessarily

11

compels us to endorse the first-served defendant rule in light of the Supreme Court's decision in <u>Murphy Brothers</u>, 526 U.S. at 347-48, 119 S. Ct. at 1325. <u>See</u> <u>Marano</u>, 254 F.3d at 756 (noting that the <u>Murphy Brothers</u> Court appeared to relax its strict constructionist approach to interpreting the removal statute); <u>see also</u> <u>Murphy Bros.</u>, 526 U.S. at 357, 119 S. Ct. at 1330 (Rehnquist, C.J., dissenting) (stating that the <u>Murphy Brothers</u> decision "departs from this Court's practice of strictly construing removal and similar jurisdictional statutes").

Finally, we agree with the Eighth Circuit in <u>Marano</u> that the Supreme Court's decision in <u>Murphy Brothers</u> supports endorsing the last-served rule. The court observed:

> The [Supreme] Court [in <u>Murphy Brothers</u>] held that formal process is required, noting the difference between mere notice to a defendant and official service of process: "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." Thus, a defendant is "required to take action" as a defendant—that is, bound by the thirty-day limit on removal—"only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." The Court essentially acknowledged the significance of formal service to the judicial process, most notably the importance of service in the context of the time limits on removal . . . .

<u>Marano</u>, 254 F.3d at 756 (internal citations omitted). Accordingly, the Eighth Circuit concluded that the Supreme Court, based on its reasoning in <u>Murphy</u>

<u>Brothers</u>, would endorse the last-served defendant rule because that rule recognizes that individual defendants are not required to take action—whether seeking removal or otherwise responding to another defendant's notice of removal—until they are properly served, "regardless of when—or if—previously served defendants had filed such notices." <u>Id.</u> In other words, <u>Murphy Brothers</u> supports the last-served defendant rule because a defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process. Contrary to <u>Murphy Brothers</u>, the first-served defendant rule would obligate a defendant to seek removal prior to his receipt of formal process bringing him under the court's jurisdiction.

Perhaps prior to <u>Murphy Brothers</u> and its holding that notice is insufficient to trigger § 1446(b)'s time window, the issue of which rule to endorse would be a closer call than it is now. The tide of recent decisions by the courts of appeals, as well as the majority of the district courts in this Circuit,[9] recognize that equity

---

[9] See, e.g. <u>General Pump & Well, Inc. v. Laibe Supply Corp.</u>, No. CV607-30, 2007 WL 3238721, at *2 (S.D. Ga. Oct. 31, 2007) (adopting last-served defendant rule); <u>C.L.B. v. Frye</u>, 469 F. Supp. 2d 1115, 1119-20 (M.D. Fla. 2006) (following last-served defendant rule); <u>Adams v. Charter Commc'ns. VII, LLC</u>, 356 F. Supp. 2d 1268, 1273 (M.D. Ala. 2005) (adopting first-served defendant rule); <u>Kimbrough v. City of Cocoa</u>, No. 05CV471ORL31KRS, 2005 WL 1126651, *5 (M.D. Fla. May 5, 2005) (adopting last-served defendant rule); <u>Fitzgerald v. Bestway Servs., Inc.</u>, 284 F. Supp. 2d 1311 (N.D. Ala. 2003) (following last-served rule for later-added defendants); <u>Collings v. E-Z Serve Convenience Stores, Inc.</u>, 936 F. Supp. 892, 895 (N.D. Fla. 1996) (same). <u>But see</u> <u>Kuhn v. Brunswick Corp.</u>, 871 F. Supp. 1444, 1447 (N.D. Ga. 1994) (following first-served rule).

13

favors permitting each defendant thirty days in which to seek removal under the statute. As the Eighth Circuit observed, the last-served defendant rule is consistent with <u>Murphy Brothers</u>, in which the Supreme Court held that a defendant has no obligation to engage in litigation prior to his receipt of formal service of process. <u>Murphy Brothers</u> also signals a slight departure from the weight courts might ordinarily put on strict construction of the removal statute. It appears to us to be contrary to the Supreme Court's holding in <u>Murphy Brothers</u>, as well as the interests of equity, to permit a first-served defendant to, in effect, bind later-served defendants to a state court forum when those defendants could have sought removal had they been more promptly served by the plaintiff. Indeed, under the facts of this case, the first-served defendant rule would require us to find that the three earlier-served defendants waived Johnson & Johnson's right to seek removal, before it was obligated to participate in the lawsuit under <u>Murphy Brothers</u>. We cannot sanction such result, and therefore conclude that the last-served defendant rule is in keeping with <u>Murphy Brothers</u>, is consistent with the trend of case law, and is the most reasonable interpretation of §1446(b).[10]

---

[10] Appellant also argues that the motions to dismiss filed in state court by defendants Alza and Janssen constituted a waiver of their right to remove and also barred their subsequent joinder of Johnson & Johnson's removal petition. We recently held "that the removing defendant did not waive its right of removal by filing a motion to dismiss the plaintiff's complaint while the case was still pending in state court." <u>Cogdell v. Wyeth</u>, 366 F.3d 1245, 1249 (11th Cir. 2004). On the basis of our controlling opinion in <u>Cogdell</u>, we reject appellant's

14

## IV. CONCLUSION

We hereby adopt the last-served defendant rule, which permits each defendant, upon formal service of process, thirty days to file a notice of removal pursuant to §1446(b).  Accordingly, the district court's denial of appellant's motion to remand the action to state court is

**AFFIRMED.**[11]

---

argument.

[11]    The rest of appellant's arguments on appeal are addressed in a separate, unpublished appendix to this decision, which affirms in part, and reverses in part the dismissal with prejudice of the appellant's complaint.