**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STEEL, PAPER & FORESTRY,
RUBBER MANUFACTURING ENERGY,
ALLIED INDUSTRIAL & SERVICE
WORKERS INTERNATIONAL UNION,
AFL-CIO, CLC, on behalf of
members employed by defendants;
RICHARD FLOYD, individually and
on behalf of all similarly situated
current and former employees;
EDUARDO CARBEJAL, individually
and on behalf of all similarly
situated current and former
employees,
          *Plaintiffs-Appellees,*

    v.

SHELL OIL COMPANY; EQUILON
ENTERPRISES LLC, DBA SHELL OIL
PRODUCTS US,
          *Defendants-Appellants,*

    and

TESORO REFINING AND MARKETING
COMPANY,
          *Defendant.*

No. 08-56672

D.C. No.
2:08-03693-RGK-E

16131

Uɴɪᴛᴇᴅ Sᴛᴇᴇʟ, Pᴀᴘᴇʀ & Fᴏʀᴇsᴛʀʏ,
Rᴜʙʙᴇʀ Mᴀɴᴜғᴀᴄᴛᴜʀɪɴɢ Eɴᴇʀɢʏ,
Aʟʟɪᴇᴅ Iɴᴅᴜsᴛʀɪᴀʟ & Sᴇʀᴠɪᴄᴇ
Wᴏʀᴋᴇʀs Iɴᴛᴇʀɴᴀᴛɪᴏɴᴀʟ Uɴɪᴏɴ,
AFL-CIO, CLC, on behalf of
members employed by defendants;
Rɪᴄʜᴀʀᴅ Fʟᴏʏᴅ, individually and
on behalf of all similarly situated
current and former employees;
Eᴅᴜᴀʀᴅᴏ Cᴀʀʙᴇᴊᴀʟ, individually
and on behalf of all similarly
situated current and former
employees,
　　　　　　　*Plaintiffs-Appellees,*

　　　　　　　v.

Sʜᴇʟʟ Oɪʟ Cᴏᴍᴘᴀɴʏ; Eǫᴜɪʟᴏɴ
Eɴᴛᴇʀᴘʀɪsᴇs LLC, DBA Sʜᴇʟʟ Oɪʟ
Pʀᴏᴅᴜᴄᴛs US,
　　　　　　　*Defendants,*

　　　　　　　and

Tᴇsᴏʀᴏ Rᴇғɪɴɪɴɢ ᴀɴᴅ Mᴀʀᴋᴇᴛɪɴɢ
Cᴏᴍᴘᴀɴʏ,
　　　　　　　*Defendant-Appellant.*

No. 08-56673

D.C. No.
2:08-cv-03693-
RGK-E

OPINION

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted November 17, 2008*
Pasadena, California

*The panel unanimously finds this case suitable for decision without
oral argument. *See* Fed. R. App. P. 34(a)(2).

Filed December 9, 2008

Before: Myron H. Bright,** Stephen S. Trott, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Trott

---

**The Honorable Myron H. Bright, Senior United States Circuit Judge
for the Eighth Circuit, sitting by designation.

**COUNSEL**

Deanna L. Ballesteros, Epstein Becker & Green, P.C., Los Angeles, California, for appellants Shell Oil Company and Equilon Enterprises LLC dba Shell Oil Products US.

Timothy M. Rusche, Los Angeles, California, Seyfarth Shaw LLP, for appellant Tesoro Marketing and Refining Company.

Robert A. Cantore, Gilbert & Sackman, Los Angeles, California, for the appellees.

## OPINION

TROTT, Circuit Judge:

United Steel, Paper & Forestry, Rubber Manufacturing, Energy, Allied Industrial & Service Workers International Union, AFL-CIO, CLC, as well as Richard Floyd and Eduardo Carbejal, individually and on behalf of similarly situated current and former employees (collectively United Steel Workers), filed a class action against Shell Oil Company, Equilon Enterprises, LLC, and Tesoro Refining and Marketing Company in California state court. Shell Oil and Equilon (collectively Shell) filed a notice of removal to the federal district court, and then Tesoro filed a separate notice of removal. Both notices of removal relied, in part, on the Class Action Fairness Act of 2005 (CAFA), 28 U.S.C. §§ 1332(d), 1453, as a basis of jurisdiction. After opening two separate cases, the district court first remanded Shell's case on the ground that Tesoro failed to consent to removal within thirty days of service on the first-served defendant, and then remanded Tesoro's case for the same reason.

Shell and Tesoro filed separate petitions for permission to appeal, which this Court granted. We have jurisdiction pursuant to 28 U.S.C. § 1453(c), and we reverse the district court's orders remanding the case to state court. Under § 1453(b) of CAFA, Shell's timely notice of removal effected removal of the entire action, including the claims against Tesoro.[1]

---

[1] We deny United Steel Workers's request for sanctions on appeal against Shell and Tesoro because the record does not support a finding of bad faith, and United Steel Workers did not file a separate motion for sanctions.

# I

## BACKGROUND

On April 25, 2008, United Steel Workers filed a single complaint in California state court against Shell Oil, Equilon, and Tesoro. The complaint alleged violations of California Labor Code §§ 201, 201.7, 202, 203, 216, 226, 226.6, 226.7, 512, 1194, and 1199, and California Business and Professions Code §§ 17200-17209, for failure to provide meal periods, permit rest periods, provide proper wage statements, and pay wages timely upon termination. Royal Dutch Shell plc is the parent company of both Shell Oil and Equilon (collectively Shell). United Steel Workers effected service of the complaint on Shell on May 6, 2008, and on Tesoro on May 7, 2008.

On June 5, 2008, the thirtieth day after service on Shell, Shell filed a notice of removal, asserting federal question jurisdiction, 28 U.S.C. § 1331, as well as jurisdiction under CAFA, 28 U.S.C. §§ 1332(d), 1453. The case (No. CV 08-03693) was assigned to the Honorable R. Gary Klausner. The next day, June 6, 2008, Tesoro filed a separate notice of removal, asserting jurisdiction on the same grounds as Shell. Tesoro's case, however, received a different case number (No. CV 08-03720) and was assigned to a different district judge, the Honorable Ronald S.W. Lew. Tesoro's case was subsequently reassigned to the Honorable Manuel L. Real.

In Shell's removal case, Judge Klausner ordered Shell to show cause why the case should not be remanded for several defects in Shell's notice of removal, including the failure to join Tesoro. Shell filed motions in support of removal, arguing, in part, that CAFA permits one defendant to remove the entire case without the consent of all defendants. On June 27, 2008, Judge Klausner issued an order remanding Shell's case to state court because Tesoro had not joined in Shell's notice of removal within thirty days of the first-served defendant, Shell.

Meanwhile, in Tesoro's separate removal case before Judge Real, United Steel Workers filed a notice regarding the related case before Judge Klausner on June 19, 2008. On July 8, 2008, Judge Real issued an order transferring Tesoro's case to Judge Klausner. On July 11, 2008, Judge Klausner issued an order remanding Tesoro's case to state court for the same reasons set forth in the order remanding Shell's case.

Shell and Tesoro (collectively the defendants) separately petitioned for permission to appeal the remand orders. On October 9, 2008, this Court issued an order, *sua sponte*, granting the defendants's petitions, consolidating their appeals, and indicating that this Court shall complete all action on the appeals, including rendering judgment, within 60 days.

## II

## DISCUSSION

### A.  Standard of Review

We review a district court's remand order de novo. *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 679 (9th Cir. 2006).

### B.  Analysis

#### 1.  Removal in a Multi-Defendant Action Under CAFA

The defendants assert the district court erred because CAFA entitles one defendant to remove the entire action, and therefore that Shell's removal covered the entire action. The defendants assert, alternatively, the district court erred by *sua sponte* remanding for procedural defects in the notices of removal, and by doing so without providing Tesoro an opportunity to respond to the show cause order. United Steel Workers concedes that Shell properly filed a notice of removal under CAFA, and the district court therefore erred in remand-

ing Shell's case (No. CV 08-03693). United Steel Workers asserts, however, that the district court did not err by remanding Tesoro's case (No. CV 08-03720) because Tesoro filed its notice of removal over thirty days after service on Shell, the first-served defendant.

**[1]** Under 28 U.S.C. § 1441, defendants may remove a civil action brought in a state court to federal district court if the federal district courts have original jurisdiction. *See Abrego Abrego*, 443 F.3d at 679-80. Section 1446 provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). In cases with multiple defendants, there is a split in authority — unresolved in this Circuit — on whether the thirty-day period to file, or join in, a notice of removal begins to run on the day of service on the first-served or last-served defendant. *See United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 763 n.4 (9th Cir. 2002) (declining to adopt the first-served rule or the last-served rule). The judge-created rule of unanimity, however, has traditionally required that all defendants consent to, or join in, removal. *See Abrego Abrego*, 443 F.3d at 681.

**[2]** CAFA amended, in part, 28 U.S.C. § 1332 and added § 1453, thereby vesting district courts with original jurisdiction over class actions that meet certain requirements, including minimal diversity and an amount in controversy of $5,000,000. *See Abrego Abrego*, 443 F.3d at 680. Relevant here, CAFA added § 1453(b), which provides:

In general. — A class action may be removed to a district court of the United States in accordance with section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the State in which the action is brought, except that *such action may be removed by any defendant without the consent of all defendants*.

28 U.S.C. § 1453(b) (emphasis added). We have previously held that this provision "overrides the judge-created requirement that each defendant consent to removal . . . ." *Abrego Abrego*, 443 F.3d at 681.

**[3]** The Eleventh Circuit has further elaborated, in a case with multiple defendants, that § 1453(b) entitles one defendant to remove the entire action. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1196 (11th Cir. 2007). There, plaintiffs initiated a class action in state court against multiple defendants prior to CAFA's effective date, but amended their complaint to include additional defendants after CAFA's effective date. *Id.* at 1194. One of the post-CAFA defendants filed a notice of removal, in which nearly all other defendants later joined. *Id.* Holding under CAFA that "one defendant may remove the entire action, including claims against all defendants," *id.* at 1196, the *Lowery* court noted, because one defendant "could procedurally remove the action as a whole, including all defendants, we need not concern ourselves with the circumstances pertinent to each named defendant," *id.* at 1194 n.25. We agree.

**[4]** Here, it is undisputed that United Steel Workers's class action is removable under CAFA, and it is undisputed that Shell timely filed its notice of removal. Because the case is governed by CAFA and the rule of unanimity is inapplicable, Shell removed the action as a whole, including claims against Tesoro. Indeed, Tesoro could not have prevented removal even if it wished to do so, and it certainly could not defeat

Shell's removal of the entire case by filing a separate, but untimely, notice of removal. We need not concern ourselves, therefore, with the circumstances surrounding Tesoro's notice of removal. *See Lowery* at 1194 n.25.[2]

## 2. Request for Sanctions on Appeal

United Steel Workers seeks sanctions against the defendants for causing needless delay and additional litigation expenses. According to United Steel Workers, the defendants caused needless delay by failing to coordinate their notices of removal and failing to present to the district court the arguments upon which they rely on appeal.

[5] Imposing sanctions under the Court's inherent powers requires a finding of bad faith, which may be demonstrated by actions delaying or disrupting the litigation. *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 648-49 (9th Cir. 1997). Here, there is no basis, however, to find that the defendants intentionally delayed or disrupted the litigation. Contrary to United Steel Workers's assertions, the defendants each relied upon CAFA in their respective notices of removal. Indeed, in Shell's second response to the district

---

[2]Subsequent to *Lowery*, the Eleventh Circuit rejected use of the first-served rule and adopted the last-served rule. *See Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1205 (11th Cir. 2008). We express no opinion on the merits of the first-served rule, as a general matter or in cases removable under CAFA, because the district court had jurisdiction over the entire action even if the first-served rule applied. Shell filed a notice of removal on the thirtieth day after service on the first-served defendant (itself). Although Tesoro's notice of removal would have been untimely under the first-served rule, the timeliness of its notice was irrelevant once Shell removed the entire case. Nor need we address the alternative assertion that the district court improperly remanded the case *sua sponte*, thereby depriving Tesoro of an opportunity to oppose remand. *See Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1193 (9th Cir. 2003) (district courts have no authority to remand a case removed from state court *sua sponte* for procedural defects).

court's show cause order, Shell argued — consistent with its argument on appeal — that joinder of all defendants was not required for removal and that the entire case had already been properly removed.

**[6]** Furthermore, while this court has discretion to impose sanctions for bringing a frivolous appeal under Federal Rule of Appellate Procedure 38, "such a request must be made in a separate motion . . . ." *In re Ybarra*, 424 F.3d 1018, 1027 n.11 (9th Cir. 2005). United Steel Workers did not file a separate motion or even cite Rule 38. United Steel Workers's request for sanctions on appeal is denied.

## III

## CONCLUSION

Under CAFA, Shell's timely notice of removal effected removal of the entire action, including claims against Tesoro. We therefore reverse the orders of the district court remanding the claims against Shell and Tesoro to state court. Additionally, we deny United Steel Workers's request for sanctions against Shell and Tesoro.

**REVERSED AND REMANDED.**