[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 17, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-13333
Non-Argument Calendar
_____

D. C. Docket No. 08-00330-CV-ORL-31-KRS

HILL DERMACEUTICALS, INC.,
a Florida corporation,

Plaintiff-Appellant,

versus

RX SOLUTIONS,
a foreign corporation
a.k.a. Prescription Solutions Corporation,
UNITED HEALTH GROUP, INC.,
a foreign corporation,
UNITED HEALTHCARE OF FLORIDA, INC.,
a Florida corporation,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 17, 2008)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Hill Dermaceuticals, Inc. appeals the dismissal of its amended complaint against Prescription Solutions, United Health Group, and United Healthcare of Florida. Hill challenges the denial of its motion to remand and the dismissal of its complaint that Prescription Solutions made false and misleading statements to third parties about a product of Hill, Derma-Smoothe. We affirm.

## I. BACKGROUND

Prescription Solutions is a California-based pharmacy benefit manager that oversees prescription drug benefits for persons insured by managed care organizations. United Healthcare of Florida, an insurance company in Florida, contracted with Prescription Solutions to administer the drug formulary for its members. Both Prescription Solutions and United Healthcare are owned by United Health Group, a Minneapolis corporation.

Hill is a Florida corporation that manufactures and distributes Derma-Smoothe/FS body oil, a product marketed to treat eczema, atopic dermatitis, and psoriasis that affects between 50 and 90 percent of the body. Hill markets Derma-Smoothe as the only FDA-approved corticosteroid ointment for the treatment of systemic skin conditions. Derma-Smoothe is not on the formulary of Prescription

2

Solutions.

In November 2007, Hill filed a complaint in a Florida court that alleged tortious conduct by Prescription Solutions, as an alter-ego or agent of United Healthcare, and their alleged parent companies, United Healthcare Company and Pacific Health Systems. Hill complained that Prescription Solutions made statements about Derma-Smoothe that constituted an injurious falsehood, defamation, misleading advertising, and a deceptive and unfair trade practice. Hill alleged that all insurance companies were "required to cover Derma-Smoothe" and the suggestion that patients and physicians use an alternative medication constituted "false, deceptive, misleading and fraudulent information" about Derma-Smoothe.

Prescription Solutions and United Healthcare removed the action to federal court. The companies alleged that the district court had removal jurisdiction, 28 U.S.C. § 1441, based on a federal question, id. § 1331, and diversity of citizenship, id. § 1332. The companies also alleged that Hill fraudulently joined United Healthcare to defeat diversity jurisdiction.

Prescription Solutions and United Healthcare moved to dismiss the complaint for failure to state a claim and Hill moved to remand. The district court dismissed Hill's complaint without prejudice. Prescription Solutions and United

3

Healthcare did not respond to Hill's motion to remand.

In the interim, Hill filed an amended complaint that named Prescription Solutions, United Healthcare, and United Health Group as defendants and accused the companies of the same tortious conduct alleged in the original complaint. Hill based its complaints on two letters allegedly distributed by Prescription Solutions to unidentified parties regarding its payment for coverage of Derma-Smoothe. Hill alleged that the letters notified patients and physicians that Derma-Smoothe was not on the formulary of Prescription Solutions and was not covered by insurance unless a patient was intolerant to clobetasol, triamcinolone, and hydrocortisone. One letter allegedly stated,

> Based on the information provided by you or your physician, you do not meet the established medical necessity criteria or guidelines for [Derma-Smoothe] at this time. [Derma-Smoothe] is denied. This drug is not on our formulary, coverage requires a contraindication, failure or intolerance to the following formulary agents: triamcinolone, clobetasol, or hydrocortisone.

A second letter allegedly stated, "[Derma-Smoothe] is not on our formulary, coverage requires a contraindication, failure or intolerance to all of the formulary agents: clobetasol, triamcinolone, and hydrocortisone. Based on the clinical information provided, a trial on triamcinolone and hydrocortisone [is] required."

Five days later, the district court granted Hill's motion to remand. The district court granted the motion under "Local Rule 3.01(b)" because it was

4

"unopposed." Prescription Solutions and United Healthcare moved for reconsideration, and the district court denied the motion.

United Health Group removed the action on the identical grounds stated by Prescription Solutions and United Healthcare in their motion to remove. Hill again moved to remand. After a hearing, the district court denied the motion to remand. The district court ruled that Hill had fraudulently joined United Healthcare in the amended complaint to defeat diversity of citizenship.

Hill later moved to amend the complaint to include a request for declaratory judgment. Hill attached to the second amended complaint an affidavit executed by Doctor Randall Coverman. Dr. Coverman stated that he had prescribed Derma-Smoothe and Prescription Solutions had denied coverage on the ground that Derma-Smoothe was not on the drug formulary. Dr. Coverman also stated that Prescription Solutions had notified his patient that Derma-Smoothe was a covered medication only if the patient had a "contraindication, failure or interolerance to" its "formulary agent(s). . . triamcinoline, clobetasol, or hydrocortisone." Dr. Coverman stated that the denial had "forced [him] into a position of having to choose a drug other than Derma-Smoothe . . . my drug of choice."

Prescription Solutions and United Healthcare moved to dismiss the second amended complaint for failure to state a claim. The district court found that

5

"further amendments would be futile" and dismissed Hill's complaint with prejudice.

## II. STANDARDS OF REVIEW

We review de novo issues of subject-matter jurisdiction. Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1204 (11th Cir. 2008). We also review de novo the dismissal of a complaint for failure to state a claim and accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). "We have jurisdiction to consider [the] denial of a motion to remand" after dismissal of a complaint with prejudice. Bailey, 536 F.3d at 1204. "'As a general rule, an appellate court will not review a legal issue or theory not presented to the trial court, unless the issue is a pure question of law and the court's failure to consider it would result in a miscarriage of justice.'" Sierra Club, Inc. v. Leavitt, 488 F.3d 904, 912 (11th Cir. 2007) (quoting NAACP v. Hunt, 891 F.2d 1555, 1563 (11th Cir. 1990)).

## III. DISCUSSION

Hill makes two arguments on appeal. First, Hill argues that the district court erred by denying the second motion to remand. Second, Hill argues that the district court erred when it dismissed the second amended complaint. We address

6

each argument in turn.

*A. The District Court Did Not Err When It Denied the Motion To Remand.*

Hill challenges the denial of its second motion to remand on three grounds. First, Hill argues that there is a single thirty-day period to remove an action and that United Health Group, who was served the complaint after the period elapsed, could not remove the action to federal court. Second, Hill argues that the district court lacked jurisdiction to consider the motion to remove filed by United Health Group because the district court had previously remanded the action to state court. Third, Hill argues that the district court erred by finding that Hill fraudulently joined United Healthcare to defeat diversity jurisdiction. These arguments fail.

United Health Group timely removed the action to federal court. A notice is timely when it is "filed within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). We recently adopted the "last-served defendant" rule, which accords each defendant thirty days to remove an action. Bailey, 536 F.3d at 1205. Hill filed an amended complaint that named United Health Group as a defendant on February 20, 2008, and United Health Group timely removed the action on March 5, 2008.

The district court also had jurisdiction to reconsider its earlier order to

7

remand. Although a district court ordinarily may not reconsider an order remanding an action, 28 U.S.C. § 1447(d), that prohibition "applies only to cases remanded, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction or defects in the removal procedure." First Union Nat'l Bank of Fla. v. Hall, 123 F.3d 1374, 1377 (11th Cir. 1997). The district court granted Hill's first motion to remand because it was unopposed, not for lack of jurisdiction or defects in procedure, so the court was "free to reconsider" its earlier decision. Id.

The record supports decision of the district court that Hill joined United Healthcare to defeat jurisdiction based on diversity of citizenship. To establish fraudulent joinder, a defendant bears a heavy burden to prove that "'there is no possibility the plaintiff can establish a cause of action against the resident defendant . . . .'" Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998) (quoting Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). Hill offered two bases to hold United Healthcare liable for the statements of Prescription Solutions: first, Hill alleged that Prescription Solutions was an alter ego of United Healthcare because the companies shared directors, profits, and resources; and second, Hill alleged that Prescription Solutions was an agent of and made the statements "on behalf of" United Healthcare. Hill's complaint failed to establish that United Healthcare was an alter ego that dominated Prescription

8

Solutions "to such an extent that [their] independent existence[] was in fact non-existent . . . .'" Seminole Boatyard, Inc. v. Christoph, 715 So. 2d 987, 990 (Fla. Dist. Ct. App. 1998). Under Florida law, the "[o]wnership by one corporation of all the stock of another corporation does not destroy the identity of the latter as a distinct legal entity; nor does the fact that the stockholders or officers in two corporations are the same persons operate to destroy the legal identity of either corporation." St. Petersburg Sheraton Corp. v. Stuart, 242 So. 2d 185, 190 (Fla. Dist. Ct. App. 1970). The facts alleged by Hill also did not establish that Prescription Solutions and United Healthcare had an agency relationship. For an agency relationship to exist, a principal must acknowledge that the agent may act for it and the agent must agree to act on behalf of and subject to the control of the principal. Goldschmidt v. Holman, 571 So. 2d 422, 424 & n.5 (Fla. 1990). Because the complaint did not contain facts to establish an alter ego or agency relationship, the district court was entitled to conclude that Hill fraudulently joined United Healthcare.

*B. The District Court Did Not Err When It Dismissed The Amended Complaint.*

Hill challenges the dismissal of his complaint on three grounds. First, Hill argues that under "liberal notice pleading standards" he alleged viable grounds for relief. Second, Hill argues, for the first time on appeal, that the district court was

9

biased in favor of the defendants. Third, Hill argues that the district court "misread and misapplied" the affidavit executed by Dr. Coverman. These arguments fail.

Hill's complaint fails to state a claim for relief. Hill complains that Prescription Solutions made false and defamatory statements about Derma-Smoothe that caused physicians and patients not to purchase the medication and that misled those third parties to believe that other medications were appropriate substitutes. See Fla. Code § 817.41 (defining misleading advertising); Falic v. Legg Mason Wood Walker, Inc., 347 F. Supp. 2d 1260, 1268 (S.D. Fla. 2004) (distinguishing injurious falsehood and defamation). The statements Prescription Solutions made about its coverage did not disparage or discount the efficacy of Derma-Smoothe. Prescription Solutions stated that patients could obtain coverage for the medication if other medicines did not resolve their skin conditions. Hill also complains of unfair trade practices, but its complaint fails to allege that Prescription Solutions competes with Hill for the sale or manufacture of medication for systemic skin conditions. See Third Party Verification, Inc. v. Signaturelink, Inc., 492 F. Supp. 2d 1314, 1325 (M.D. Fla. 2007); Alphamed Pharm. Corp. v. Arriva Pharm., Inc., 432 F. Supp. 2d 1319, 1353 (S.D. Fla. 2006). Hill complains that it was denied the opportunity to seek a declaratory judgment, but the dismissal of the amended complaint rendered that request moot. See

10

Crown Media, L.L.C. v. Gwinnett County, Ga., 380 F.3d 1317, 1323 (11th Cir. 2004).

Hill's argument, raised for the first time on appeal, that the district court was biased also fails. "[B]ias sufficient to disqualify a judge must stem from extrajudicial sources . . . and must be focused against a party to the proceeding" to the degree that it calls into question the judge's impartiality. Hamm v. Members of Bd. of Regents of State of Fla., 708 F.2d 647, 651 (11th Cir. 1983) (citation omitted). Hill complains about conclusions and derogatory comments of the court, but bias requires more than harsh comments or adverse rulings. Id.

The district court also did not misconstrue Dr. Coverman's affidavit. The district court "accept[ed] [Dr.] Coverman's statement as true," but correctly concluded that the affidavit did not support Hill's complaints against Prescription Solutions. Dr. Coverman stated that the medications covered under the formulary were not as effective as Derma-Smoothe and forced him to forego what he believed to be a more effective treatment, but the affidavit did not, as Hill suggests, intimate that Prescription Solutions had "injured the reputation of Hill or its product or led [Dr.] Coverman to believe that the Formulary Medications [were] as effective or useful as Derma-Smoothe." Dr. Coverman's affidavit did not evidence that the statements of Prescription Solutions were either false or disparaged Hill or the

11

efficacy of Derma-Smoothe.

## IV. CONCLUSION

The dismissal of the second amended complaint with prejudice is

**AFFIRMED**.