[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-10626

Non-Argument Calendar

_____

ADAM KILLICK,

Plaintiff-Appellant,

*versus*

HARBOR FREIGHT TOOLS USA INC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cv-00111-MW-MJF

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Adam Killick appeals *pro se* following the district court's grant of summary judgment in favor of the defendant, Harbor Freight Tools USA, Inc. ("Harbor Freight") in this product-liability action originally brought in Florida state court. We can discern two arguments from Killick's brief on appeal. First, Killick argues that the district court judge and magistrate judge should have *sua sponte* recused themselves. Second, he contends that the suit was improperly removed to federal court because he never served Harbor Freight.[1]

I.

We ordinarily review the district court's denial of a recusal motion for an abuse of discretion. *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994). While arguments in a civil case which are raised for the first time on appeal are normally deemed waived, *see Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994),

---

[1] To the extent that Killick might be attempting to raise other issues in his initial brief, they are not fairly raised such that we cannot entertain them. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-83 (11th Cir. 2014) (explaining that a party abandons a claim "when he does not 'plainly and prominently' raise it" in his appellate brief). Even assuming that he did fairly raise a challenge to the district court's failure to appoint counsel for him, we cannot conclude that the district court abused its discretion in concluding that Killick had failed to satisfy the extraordinary circumstances standard to warrant appointment of counsel in a civil case.

when a plaintiff fails to argue for a judge's recusal before the district court, we review for plain error the failure to *sua sponte* recuse, *Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983). Under plain error review, the party raising the issue has the burden to show that (1) there is error (2) that is plain (3) that affects a defendant's substantial rights and (4) "not correcting the error would seriously affect the fairness of the judicial proceeding." *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999).

Recusal is governed, in part, by 28 U.S.C. § 455. Under § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test under § 455(a) is "whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988). Under § 455(a), "a judge has a self-enforcing obligation to recuse himself where the proper legal grounds exist." *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001) (quotation marks omitted). Generally, bias sufficient to disqualify a judge must stem from extrajudicial sources. *Hamm*, 708 F.2d at 651. However, an exception exists where a judge's remarks in a judicial context demonstrate pervasive bias and prejudice against a party. *Id.* Absent evidence of pervasive bias and prejudice, "a judge's rulings in the same or a related case may not serve as the basis for a recusal motion." *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990).

Here, Killick has not shown that either the district court judge or the magistrate judge plainly erred by failing to *sua sponte* recuse themselves. The complained-of actions were all made in the context of judicial proceedings, and, accordingly, cannot serve as the basis for holding that the judges should have recused themselves in the instant case, absent evidence of pervasive bias and prejudice, which he has failed to show. *McWhorter*, 906 F.2d at 678. Thus, neither the district court judge nor the magistrate judge plainly erred in failing to *sua sponte* recuse themselves.

## II.

Second, Killick argues that Harbor Freight's removal of this case to federal court was improper, and the district court should have granted his motion to remand the case to state court. Killick's argument apparently is that the removal was improper because Harbor Freight was never served and therefore there was no case to be removed. We employ a two-tiered standard of review for the district court's determination of subject-matter jurisdiction. Because it involves questions of federal subject matter jurisdiction, we review the denial of a motion to remand a removed state court action *de novo*. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1204 (11th Cir. 2008). However, "[t]he district court's factual findings with respect to jurisdiction . . . are reviewed for clear error." *United States v. Tinoco*, 304 F.3d 1088, 1114 (11th Cir. 2002). Factual findings may only be overturned under the clear error standard if we, "on the entire evidence [are] left with the definite and firm conviction that a mistake has been committed." *Eggers v. Alabama*, 876

F.3d 1086, 1094 (11th Cir. 2017) (citation omitted).  Section 1446(b) of Title 28 provides that a defendant may remove a civil action from a state court by filing a notice of removal in the district court within 30 days of receipt of a copy of the initial pleading.  *See* 28 U.S.C. § 1446(b).

Here, as an initial matter and notwithstanding Killick's failure to timely object to the magistrate judge's report and recommendation, because Killick's contentions on appeal involve questions of federal subject matter jurisdiction, we review the denial of the motion to remand *de novo* but the district court's factual findings for clear error.  *Tinoco*, 304 F.3d at 1114; *Bailey*, 536 F.3d at 1204.

The magistrate judge did not clearly err in finding that Harbor Freight had been served with the summons and complaint and that Harbor Freight had timely removed the case to federal court. The magistrate judge found that Killick, at the time represented by counsel, served Harbor Freight with a summons and copy of the complaint on April 22, 2021.  We do not have a "definite and firm conviction that a mistake has been committed," especially because Killick does not offer compelling argument to the contrary. *Eggers*, 876 F.3d at 1094.  Rather, Killick merely repeats his general assertion that Roane and defense counsel colluded against him.  Because Harbor Freight's removal of the case to federal court was timely, and there appears to be no other obstacle to the district court's jurisdiction, the district court properly adopted the magistrate judge's recommendation and denied Killick's motion to remand.

6                          Opinion of the Court                    23-10626

**AFFIRMED.**

USCA11 Case: 23-10626    Document: 21-1    Date Filed: 02/01/2024    Page: 6 of 6