**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3933
_____

NICOLE M. DELALLA;
NMD MARKETING, INC.,
Appellants

v.

HANOVER INSURANCE;
JOSEPH OBERLIES;
CONNOR WEBER & OBERLIES
_____

No. 11-1532
_____

In re:

NICOLE M. DELALLA;
NMD MARKETING, INC.,
Petitioners
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-10-cv-00858
District Judge: The Honorable Michael M. Baylson
_____

Submitted under Third Circuit LAR 34.1(a)
September 14, 2011

Before: SLOVITER, SMITH, and NYGAARD,
*Circuit Judges*

(Filed: October 12, 2011)

Michael S. Kimm
333 Sylvan Avenue
Suite 106
Englewood, NJ 07632
    *Counsel for Appellant*

Adam M. Finkelstein
Aetna Life & Casualty Company
Law Department
151 Farmington Avenue
Hartford, CT 06156

John C. Grugan
Ballard Spahr

1735 Market Street
51st Floor
Philadelphia, PA  19103

Christopher N. Tomlin
Ballard Spahr
Main Street
Plaza 1000, Suite 500
Voorhees, NJ  08043
    *Counsel for Appellee Hanover Insurance*

Joseph A. Venuti, Jr.
Swartz Campbell
1300 Route 73
Suite 101, Bloom Court
Mount Laurel, NJ  08054
    *Counsel for Appellees Joseph Oberlies and*
    *Connor Weber & Oberlies*

_____

OPINION
_____

SMITH, *Circuit Judge.*

In order to remove a lawsuit filed in state court to a federal district court under the federal removal statute, 28 U.S.C. §§ 1441, 1446, a defendant must file a notice of

3

removal within thirty days of the date on which the plaintiff serves "the defendant." Courts have split in interpreting this thirty day limitation: the Fourth and Fifth Circuits have held that the thirty day period ends thirty days after the first defendant is served (the "first-served" rule), and the Sixth, Eighth, Ninth, and Eleventh Circuits have held that each defendant has a thirty day period to file a notice of removal that ends thirty days after that defendant is served (the "later-served" rule). Nicole M. Delalla and NMD Marketing, Inc. appeal in part from the District Court's order denying a motion to remand on the basis that removal was proper under the later-served rule. Because we conclude that the later-served rule represents the most faithful and equitable reading of the removal statute, we will affirm the District Court's order.

I

In 2004, Delalla and NMD were sued by Product Partners, LLC in a trademark dispute over a line of nutritional supplements sold under the name "Slim 90." *See Product Partners, LLC v. NMD Marketing Inc.*, No. 04-CV-1775 (E.D. Pa. filed Apr. 23, 2004). At the time, NMD held a liability insurance policy issued by Hanover Insurance. Hanover retained Joseph Oberlies of Connor Weber & Oberlies to represent both Delalla and NMD. Oberlies negotiated a settlement under which Delalla and

NMD agreed to discontinue the sales and marketing of products under the "Slim 90" name.

Although Delalla and NMD complied with the terms of the settlement, they did not feel that the negotiated settlement was truly in their interest. Delalla and NMD privately retained counsel and requested that Oberlies explain why the settlement was in their interests.

Unsatisfied with Oberlies' response, on March 30, 2009 Delalla and NMD filed suit against Hanover, Oberlies, and Connor Weber & Oberlies in the Superior Court of New Jersey, Camden County, alleging legal malpractice and other related claims under New Jersey law. On April 14, 2009, Delalla and NMD served Hanover with the Complaint. Oberlies and his law firm (collectively, the "Law Firm Defendants"), however, were not served until April 23, 2009.

On May 15, 2009, more than thirty days after Hanover was served but less than thirty days after the Law Firm Defendants were served, the Law Firm Defendants filed a notice of removal. Although Hanover had not filed a notice of removal within thirty days of being served, it joined in the Law Firm Defendants' notice of removal. The case was removed to the United States District Court for the District of New Jersey, and was assigned to Judge Robert B. Kugler.

On May 22, 2009, Delalla and NMD filed a motion to remand the action to New Jersey state court on the basis that the notice of removal was not timely, having been filed more than thirty days after Hanover was served. On October 16, 2009, Judge Kugler denied the motion to remand, finding that the removal was timely under the later-served rule.

On February 24, 2010, Judge Kugler granted the Law Firm Defendants' motion to transfer the case to the United States District Court for the Eastern District of Pennsylvania. The case was assigned to Judge Michael M. Baylson in the Eastern District of Pennsylvania.

On May 24, 2010, Judge Baylson held oral argument on various dispositive motions that had been filed while the case was pending in the District of New Jersey. On May 26, 2010, Judge Baylson denied the motions without prejudice, and ordered Delalla and NMD to file within thirty days an Amended Complaint that satisfied Federal Rule of Civil Procedure 9(b). Delalla and NMD did not comply with Judge Baylson's order; instead, on July 2, 2010, they moved for Judge Baylson to recuse himself from the case.

On August 17, 2010, Judge Baylson denied the motion for recusal, and ordered that Delalla and NMD show cause why their Complaint should not be dismissed for failure to comply with Rule 9(b). Delalla and NMD

responded, but on September 23, 2010, Judge Baylson dismissed the case with prejudice. On September 28, 2010, Delalla and NMD filed a timely notice of appeal from Judge Baylson's September 23, 2010 Order "and from all previous orders in the case." On February 28, 2011, along with their brief, Delalla and NMD filed a separate petition for mandamus relating to Judge Kugler's February 24, 2010 Order transferring the case.

## II

The District Courts had removal jurisdiction over this action based on diversity of citizenship under 28 U.S.C. §§ 1332, 1441(a).[1] Delalla and NMD appeal in part from Judge Kugler's October 16, 2009 Order denying their motion to remand.[2] Delalla and NMD urge

---

[1] Although Delalla and NMD take issue with whether removal was timely, the timeliness of a notice of removal does not affect whether removal jurisdiction exists under 28 U.S.C. § 1441. *See Farina v. Nokia Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) ("[T]he failure to file a removal petition within the 30 day statutory time limit [does not] affect this Court's jurisdiction." (quoting *McGlinchey v. Hartford Accident & Indem. Co.*, 866 F.2d 651, 653 (3d Cir. 1989))).

[2] Delalla and NMD also appeal: (1) Judge Kugler's February 24, 2010 Order transferring the case; (2) Judge Baylson's August 17, 2010 Order denying Delalla and NMD's motion for recusal; and (3) Judge Baylson's September 23, 2010 Order dismissing the case.

7

An order transferring venue is not appealable until final judgment is entered, unless either the district court certifies an appeal under 28 U.S.C. § 1292(b), or the party seeking to challenge the order files a petition for mandamus. *See Nascone v. Spudnuts, Inc.*, 735 F.2d 763, 765-66 (3d Cir. 1984). Final judgment was entered on September 23, 2010, when Judge Baylson dismissed Delalla and NMD's complaint. Curiously, rather than immediately appealing from that final judgment, Delalla and NMD have filed a petition for mandamus along with this appeal. *See In re Nicole M. Delalla*, No. 11-1532 (3d Cir. filed Mar. 3, 2011). We have jurisdiction over this petition pursuant to the All Writs Act. 28 U.S.C. § 1651(a).

Mandamus petitions are subject to a stringent standard of review—in order to grant mandamus relief, "an appellate court must find a clear legal error calling for relief *that can be obtained through no other means*." *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1074 (3d Cir. 1983) (emphasis added). When Delalla and NMD filed their notice of appeal, final judgment had already been entered. They could and should have appealed the transfer order as part of their appeal. *See Nascone*, 735 F.2d at 766 ("[I]f the plaintiff ultimately could appeal from an adverse final judgment in the case, we believe the plaintiff could then raise the failure of the district court to re-transfer as grounds for reversal."). Because Delalla and NMD could have obtained relief through alternative means, mandamus relief is not warranted. *Id.* Even if final judgment had not been entered, nothing in the record suggests that Judge Kugler erred in transferring the case and Delalla and NMD's petition would fail on the merits.

8

us to reverse Judge Kugler's order denying their motion to remand, arguing that the Law Firm Defendants' notice of removal was untimely under 28 U.S.C. § 1446(b). We have final order jurisdiction under 28 U.S.C. § 1291. Because this appeal requires us to interpret § 1446(b), we exercise plenary review over the District Court's order. *See Lieberman v. Cambridge Partners, LLC*, 432 F.3d 482, 486 (3d Cir. 2005) (exercising plenary review over questions of statutory interpretation).

To resolve this appeal, we must weigh in on a question that has become the subject of a deep circuit split: "Does the first-served defendant's thirty-day clock run for all subsequently served defendants (the first-served rule), or does each defendant get his own thirty days to remove after being served (the later-served

---

We similarly conclude that Judge Baylson did not abuse his discretion by denying the motion to recuse. *Edelstein v. Wilentz*, 812 F.2d 128, 131 (3d Cir. 1987). Nothing in the record, when considered objectively, "display[s] a deep-seated favoritism or antagonism that would make fair judgment impossible." *In re Westinghouse Secs. Litig.*, 90 F.3d 696, 720 (3d Cir. 1996) (quoting *United States v. Bertoli*, 40 F.3d 1384, 1412 (3d Cir. 1994)).

Finally, we agree that Delalla and NMD's Complaint fails to satisfy Rule 9(b), for substantially the same reasons set forth in Judge Baylson's August 17, 2010 Memorandum. Mem., Aug. 17, 2010, ECF No. 19.

rule)?" *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011). We have yet to address this issue in a precedential opinion. For the reasons that follow, we join the majority of circuits and adopt the later-served rule.

A

"Federal Courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider. Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." *Bowles v. Russell*, 551 U.S. 205, 212-13 (2007).

By statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The procedure for removal is set out in 28 U.S.C. § 1446. Section 1446(a) provides that any defendant wishing to remove a case must file a notice of removal in federal court:

10

A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1446(a). Section 1446(b) then sets out the rules governing each notice of removal, including the thirty day limitation at issue here:

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b).

11

In construing the thirty day limitation, the majority of courts of appeals have adopted what has been called the later-served defendant rule—the rule applied by the District Court. Under the later-served rule, each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served. *See Destfino*, 630 F.3d at 956 (9th Cir. 2011); *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1209 (11th Cir. 2008); *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 757 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).

On the other side of the split are the Fourth and Fifth Circuits, which have adopted variations of what has been called the first-served defendant rule. Under the first-served rule, in order to successfully remove a state court case, any defendant that seeks to file a notice of removal must do so within thirty days of the date of service for the first-served defendant.[3] *See Barbour v.*

---

[3] The Fourth Circuit distinguishes its rule from the Fifth Circuit's rule, calling its approach the "*McKinney* Intermediate Rule." *Barbour*, 640 F.3d at 607. Both Circuits, however, agree that no defendant may file a notice of removal more than thirty days after the first defendant is served. The distinction between the two rules concerns whether the same thirty day window applies to later-served defendants who

12

*Int'l Union*, 640 F.3d 599, 610 (4th Cir. 2011); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988).

We agree with the Sixth, Eighth, Ninth, and Eleventh Circuits that the later-served rule represents the best reading of § 1446(b) "for reasons grounded in statutory construction, equity and common sense." *Destfino*, 630 F.3d at 956.

B

"When interpreting a statute . . . we must turn first to the language of the statute itself. When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *SimmsParris v. Countrywide Fin. Corp.*, -- F.3d --, No. 09-4542, 2011 WL 3196079, at *3 (3d Cir. July 28, 2011) (internal quotation marks omitted) (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 254 (1992)).

Section 1446(a) provides that "[a] defendant or defendants" may initiate the removal process by filing a notice of removal. By referring to "defendants" in the plural, this subsection explicitly anticipates the possibility that multiple defendants will file notices of removal. Section 1446(b) then sets out the rules

wish to join in another defendant's timely notice of removal—a distinction not relevant to this appeal.

13

governing each notice of removal that may eventually be filed, providing that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant . . . ." 28 U.S.C. § 1446(b).

Section 1446(a) sets out the general rule that defendants in a civil action must file a notice of removal in order to initiate the removal process. Section 1446(b) then sets out a specific rule governing the timeliness of each notice of removal that is eventually filed. *See Destfino*, 630 F.3d at 955; *Bailey*, 536 F.3d at 1207; *Brierly*, 184 F.3d at 533; *see also Barbour*, 640 F.3d at 622 (Agee, J., concurring in judgment). This reading follows from the text of the two provisions, which must be read together in order to give effect to congressional intent regarding the procedure for removal. *Kokoszka v. Belford*, 417 U.S. 642, 650 (1974) (statutes should be read as a whole in order to properly construe congressional intent).

Subsection (a) uses the phrase "defendant or defendants" to indicate that one or more defendants may attempt to remove a case by filing a notice of removal. Subsection (b) then uses the singular to refer to "[t]he notice of removal" and "the defendant [who has been served]." Given that § 1446(a) explicitly affirms the possibility of multiple notices of removal, the only reasonable reading of § 1446(b) is that the subsection applies individually to *each* notice of removal that might

14

potentially be filed by *each* removing "defendant." To hold otherwise would create tension between subsections (a) and (b). The plain text of § 1446(b) thus points toward the later-served rule.

Textual reasons alone support the adoption of the later-served rule. It is worth noting, nonetheless, that the rule is also more equitable than the first-served rule. Under the later-served rule, each defendant has an equal amount of time in which to decide whether or not to file a notice of removal. As a result, a defendant's right to removal is protected without regard to when that defendant was served. Under the first-served rule, on the other hand, the time a defendant has to file a notice of removal is a function of when that defendant is served. Consequently, a later-served defendant may be denied his or her right to file a notice of removal and to convince his or her more reluctant co-defendants to join in removal merely because the removing defendant was not served earlier. In fact, under the first-served rule, the possibility exists that a later-served defendant would have had to file a notice of removal before being served with a complaint. Such a result contravenes Congress's "intent to eliminate the situation wherein a defendant who has not received the complaint must decide whether to remove 'before he knows what the suit is about.'" *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222 (3d Cir. 2005) (quoting

15

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352 (1999)).

The first-served rule not only unfairly prejudices later-served defendants, but it creates a perverse incentive system that encourages further inequity. Under the first-served rule, a plaintiff who wishes to remain in state court benefits by serving a defendant who is indifferent to removal, and then waiting to serve other defendants who are more likely to wish to remove. The rule thus incentivizes plaintiffs to take advantage of the inequities inherent under the first-served rule. By protecting each defendant's right to removal without regard to whether other defendants were served earlier, the later-served rule thus removes the incentive for "unfair manipulation by delaying service on defendants most likely to remove." *Destfino*, 630 F.3d at 955.

C

Courts that have adopted the first-served rule offer three reasons for their decisions: (1) the first-served rule derives from a better reading of the language of § 1446(b); (2) the later-served rule is inequitable because it allows earlier-served defendants two opportunities to remove; and (3) the first-served rule is more appropriate

given that removal statutes are to be strictly construed.[4] None of these arguments upends the textual basis for the later-served rule, nor its equitable justifications.

Courts of appeals adhering to the first-served rule proffer a different reading of § 1446(b), noting that the thirty day window only applies to the first-served defendant because the statute uses the singular when referring to "the defendant." *See, e.g.*, *Barbour*, 640 F.3d at 611. The use of the singular, these courts argue, suggests that Congress intended that the thirty day period run only once, rather than for each removing defendant.

When considering the plain meaning of a statute, however, a court should "not look merely to a particular clause in which general words may be used, but will take in connection with it the whole statute . . . and give to it

_____

[4] One court has also suggested that the later-served rule is unfair to plaintiffs because it exposes them to the possibility that at some point later in the litigation, they may have to move to federal court. *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986). As has been pointed out, any such unfairness would be the product of a plaintiff's decision to delay service upon a defendant after serving the first-served defendant. *Destfino*, 630 F.3d at 956. Even if the delay could not be fairly attributed to the plaintiff, "the marginal efficiency benefits of selecting a forum early don't outweigh the manifest unfairness of depriving later-served defendants of a federal forum." *Id.*

such a construction as will carry into execution the will of the Legislature." *Kokoszka*, 417 U.S. at 650 (internal quotation marks omitted) (quoting *Brown v. Duchesne*, 60 U.S. 183, 194 (1856)). It is certainly true that subsection (b) uses the singular in referring to "the defendant." Subsection (b) also uses the singular in the same clause when discussing "the notice of removal." If the use of the singular with respect to "the defendant" required that thirty day period only applied to one singular defendant, the use of the singular with respect to "the notice of removal" should similarly require that only one notice of removal be permissible. As already discussed, however, such a reading would conflict with § 1446(a), which explicitly anticipates the possibility of multiple notices of removal.

In fact, as other courts have recognized, the Fourth and Fifth Circuits' textual reading contravenes the actual language of § 1446(b) by substituting "the defendant" with "the initial defendant." *Destfino*, 630 F.3d at 955; *Barbour*, 640 F.3d at 622-23 (Agee, J., concurring in judgment). Moreover, if Congress had intended to create a first-served rule, it could easily have stated as much in § 1446(b). It did not. By reading the text to support the first-served rule, the Fourth and Fifth Circuits have failed to read § 1446(b) alongside § 1446(a) in order to properly construe the congressional intent behind the statute as a whole. The later-served rule thus arises out

18

of the most sensible reading of the plain language of § 1446.

In addition to this textual argument, first-served circuits have also argued that the later-served rule is inappropriate because it allows earlier-served defendants two opportunities to exercise their right to removal. Once thirty days have passed after the first defendant is served, these circuits argue, the first-served defendant has chosen not to exercise its right to removal. Removal requires unanimity—all defendants must join in a notice of removal in order for removal to be permissible. *See Fletcher v. Hamlet*, 116 U.S. 408, 410 (1886) ("There can be no removal by the defendants unless they all join . . . ."). Because the first-served defendant, at the close of the initial thirty day period, has chosen to not exercise his or her right to removal, there can no longer be unanimity. The last-served rule, first-served Circuits argue, accommodates the rule of unanimity by allowing earlier-served defendants to "change their minds" and choose to join in a notice of removal even after initially deciding against removal. The later-served rule thus supposedly allows earlier-served defendants two bites at the removal apple.

As other courts have pointed out, this argument equates filing a notice of removal with choosing not to join in a co-defendant's notice of removal. As the Ninth

Circuit has recognized, however, the two actions are quite different:

> [T]he fact that a defendant hasn't taken the initiative to seek removal doesn't necessarily mean he will object when another defendant does. Failure to file a petition may be based on a lack of resources, trusting a lawyer's advice or inertia. There is no reason to lock an earlier-served defendant out of the federal forum, if he later chooses to consent.

*Destfino*, 630 F.3d at 956; *see also Barbour*, 640 F.3d at 624 (Agee, J., concurring in judgment) ("[*F*]*iling* a notice of removal is not the same as *joining* in that removal." (emphasis in original)).

We agree with the Ninth Circuit. Section 1446(b) plainly speaks to the requirements for filing a notice of removal; it does not speak to joinder in another defendant's notice of removal. *See Barbour*, 640 F.3d at 622-24 (Agee, J., concurring in judgment) ("Section 1446(b) does not speak to multiple defendants, nor does it reference joinder. Consequently, . . . [r]emoval is controlled by § 1446(b)'s thirty-day requirement, but joinder is not."). That a defendant has chosen not to file a notice does not mean that the defendant has chosen to not join in another notice of removal. An earlier-served

20

defendant should not be precluded from joining in another defendant's notice simply because that defendant elected not to file a notice of removal. Neither the rule of unanimity nor § 1446(b) requires a different result.

Finally, courts that have adopted the first-served rule consistently cite to the general rule that statutory procedures for removal are to be strictly construed. *See, e.g.*, *Barbour*, 640 F.3d at 605 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Because the first-served rule represents the strictest reading of § 1446(b), these courts argue, it is the more appropriate approach. While it is certainly true that removal statutes generally should be construed strictly, the Supreme Court has declined to adopt the strictest construction of a removal statute where the language of the statute and congressional intent point toward a more lenient interpretation. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). In *Murphy Bros.*, when presented with three alternative interpretations of the thirty-day window in § 1446(b), the Supreme Court chose a lenient reading of the statute based on its assessment of congressional intent. *See Destfino*, 630 F.3d at 956. In the wake of *Murphy Bros.*, the general rule that removal statutes are to be construed strictly is not sufficient to displace the plain meaning of § 1446(b), not to mention the fairness concerns that weigh in favor of the later-served rule. *See Destfino*, 630 F.3d

at 956; *Bailey*, 536 F.3d at 1207; *cf. Sikirica*, 416 F.3d at 222 (noting that this court's § 1446(b) jurisprudence "has been placed in doubt by *Murphy Bros.*").

## IV

We conclude that the later-served rule represents a better reading of the language § 1446(b) and results in more equitable treatment to later-served defendants. We join the Sixth, Eighth, Ninth, and Eleventh Circuits in adopting the later-served rule. We will therefore affirm the District Court's order.