11-189-cv
Pietrangelo v. Alvas Corp.

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

_____

August Term, 2011

(Submitted: February 10, 2012          Decided: July 9, 2012)

Docket No. 11-189-cv

_____

JAMES E. PIETRANGELO, II,

*Plaintiff-Appellant*,

−v.−

ALVAS CORPORATION, DBA PINE STREET DELI, GEORGE ALVANOS, CHRISTINE ALVANOS, EVAN ALVANOS, JOHN DOE, CITY OF BURLINGTON, EMMETT B. HELRICH, in his personal and official capacities, WADE LABRECQUE, in his personal and official capacities, WILLIAM SORRELL, in his official capacity,

*Defendants-Appellees.*[*]

_____

Before:
 WESLEY, CARNEY, *Circuit Judges*, and MAUSKOPF, *District Judge*.[**]

    Appeal from a judgment of the United States District Court for the District of Vermont (Reiss, *J.*), dismissing all of Plaintiff's federal and state law claims brought against Defendants.  Plaintiff filed his complaint in

_____

[*] The Clerk of Court is respectfully instructed to amend the caption as set forth above.

[**] The Honorable Roslynn R. Mauskopf, of the United States District Court for the Eastern District of New York, sitting by designation.

Vermont state court, and Defendants removed the action to federal district court. Plaintiff contends that the district court erred in denying his motion to remand to state court because Defendants' notice of removal and consent thereto were untimely under 28 U.S.C. § 1446(b). We conclude that the thirty-day removal period began to run when the City Defendants received service, and not when the first-served defendant received service. Accordingly, the City Defendants' notice and the remaining Defendants' subsequent consent to removal were timely.

**AFFIRMED.**

––––––––––––––

James E. Pietrangelo, II, *pro se*, Avon, OH, *for Plaintiff-Appellant*.

Robin Ober Cooley, Pierson Wadhams Quinn Yates & Coffrin, Burlington, VT, *for Defendants-Appellees Alvas Corporation, DBA Pine Street Deli, George Alvanos, Christine Alvanos, Evan Alvanos*.

Pietro J. Lynn, Lynn, Lynn & Blackman, P.C., Burlington, VT, *for Defendants-Appellees City of Burlington, Emmett B. Helrich, Wade Labrecque*.

David R. Groff, Assistant Attorney General, for William H. Sorrell, Attorney General of the State of Vermont, Montpelier, VT, *for Defendant-Appellee William H. Sorrell*.

––––––––––––––

Per Curiam:

Plaintiff-Appellant James E. Pietrangelo, II,[1] appeals from a December 15, 2010 judgment of the United States

––––––––––

[1] We note, as the district court recognized, that Pietrangelo is an attorney with substantial litigation experience. Thus he "cannot claim the special consideration which the courts customarily grant to *pro se* parties." *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82 n.4 (2d Cir. 2001) (internal quotation marks omitted).

2

District Court for the District of Vermont (Reiss, *J.*),
granting Defendants' motions for summary judgment and
dismissing all of Pietrangelo's federal and state law claims
brought against Defendants.  Pietrangelo filed his complaint
in Vermont state court, and Defendants removed the action to
federal district court pursuant to 28 U.S.C. § 1441.
Pietrangelo contends that the district court erred in
denying his motion to remand to state court because, by his
calculation, Defendants' notice of removal and consent
thereto were untimely under 28 U.S.C. § 1446(b).
Specifically, he argues that the thirty-day removal period
began when service was effected on the first defendant,
Attorney General William H. Sorrell, and that later-served
defendants were untimely when they filed their notice of
removal well beyond that time.  We disagree and conclude
that Defendants City of Burlington, Emmett B. Helrich, and
Wade Labrecque (the "City Defendants") timely filed their
notice of removal because their filing occurred within
thirty days from when they received service and that all
earlier-served defendants properly consented to removal.
Accordingly, we affirm the denial of Pietrangelo's motion to
remand the action to state court.[2]

---

[2] We also conclude in a separate Summary Order that the
district court did not err in (1) denying Pietrangelo's motion to

3

We recite only the limited procedural history relevant to our discussion. Pietrangelo filed his complaint in state court on July 31, 2008. Attorney General Sorrell waived service of process on August 21, 2008. However, the remaining defendants—Alvas Corporation, George Alvanos, Christine Alvanos, and Evan Alvanos (the "Alvas Defendants") and the City Defendants—did not waive service of process. On February 24, 2009, Pietrangelo served the Alvas Defendants with a summons and complaint. On February 24 and 25, 2009, Pietrangelo served the City Defendants.

On March 16, 2009, the City Defendants filed a notice of removal, in which counsel for the City Defendants represented that the other defendants had consented to removal and would formally notify the court of their consent. On March 17, 2009 and March 24, 2009, respectively, the Alvas Defendants and Attorney General Sorrell submitted letters to the district court confirming their consent to the City Defendants' removal motion. The Clerk's Office, however, returned each letter for failing to comply with the format requirements of Local Rule 5.1. The Alvas Defendants and Attorney General Sorrell then

compel discovery and for leave to conduct additional discovery; (2) granting Defendants' summary judgment motions; and (3) denying Pietrangelo's motion for reconsideration of a decision granting summary judgment to certain defendants.

4

reiterated their consent to the City Defendants' removal in submissions that were accepted by the court on April 1, 2009 and April 3, 2009, respectively.

On April 3, 2009, Pietrangelo filed a motion to remand his action to state court; the district court denied the motion on October 7, 2009. We review a district court's denial of a motion to remand *de novo*. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001).

The statute in question, 28 U.S.C. § 1446(b), requires a defendant seeking to remove an action from state to federal court to file a notice of removal within thirty days of receiving service of the initial pleading. The City Defendants filed a notice of removal less than thirty days after they were served with the complaint. Pietrangelo contends that the notice was untimely, however, because it was filed nearly seven months after the *first* defendant waived service of process, an equivalent (for purposes of § 1446(b)) to receiving service. Thus we must decide an issue over which several circuits have disagreed prior to the December 7, 2011 amendment of § 1446: "Does the first-served defendant's thirty-day clock run for all subsequently served defendants (the first-served rule), or does each

5

defendant get his own thirty days to remove after being served (the later-served rule)?" *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011).

Had this case originated after December 7, 2011, when § 1446 was amended, the City Defendants' notice of removal would indisputably have been timely–the current statute codifies the later-served rule. *See* 28 U.S.C. § 1446(b).[3] In construing the thirty-day period of the pre-amendment § 1446(b), the majority of the circuits have adopted the later-served rule. *See, e.g.*, *Delalla v. Hanover Ins.*, 660 F.3d 180, 189 (3d Cir. 2011); *Destfino*, 630 F.3d at 956; *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1209

---

[3] 28 U.S.C § 1446(b) was amended in relevant part by adding paragraph 2:

> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>
> (B) **Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.**
>
> (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

Pub. L. No. 112-63, § 103(b)(3)(B), 125 Stat. 760, 762 (2011) (codified as amended at 28 U.S.C. § 1446(b)) (emphasis added).

6

(11th Cir. 2008); *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 756-57 (8th Cir. 2001); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). Two circuits have adopted variations of the first-served rule. *See Barbour v. Int'l Union*, 640 F.3d 599, 613 (4th Cir. 2011) (*en banc*); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988).

We agree with the majority of our sister circuits and adopt the later-served rule "for reasons grounded in statutory construction, equity and common sense." *Destfino*, 630 F.3d at 955. It would appear that Congress addressed the shortcomings of the statute that necessitated judicial stitchery. In addition, we agree with the thorough reasoning of those circuits that share our view.

The plain text of the statute supports the later-served rule because "[g]iven that § 1446(a) explicitly affirms the possibility of multiple notices of removal, the only reasonable reading of § 1446(b) is that the subsection applies individually to *each* notice of removal that might potentially be filed by *each* removing 'defendant.'"[4]

---

[4] We read the phrase "defendant or defendants" in § 1446(a) to indicate that multiple defendants may attempt to remove an action by filing a notice of removal. *See Delalla*, 660 F.3d at 186.

*Delalla*, 660 F.3d at 186. Moreover, § 1446(b) omits any reference to "first defendant" or "initial defendant." *See id.* at 187; *Destfino*, 630 F.3d at 955. We also agree that the later-served rule is more equitable, as "[a] contrary rule could deprive some defendants of their right to a federal forum because they were served too late to exercise that right, and encourage plaintiffs to engage in unfair manipulation by delaying service on defendants most likely to remove." *Destfino*, 630 F.3d at 955-56.

Finally, we reject the rationale for adopting the first-served rule for substantially the same reasons stated by the Third and Ninth Circuits. *See Delalla*, 660 F.3d at 187-89; *Destfino*, 630 F.3d at 956. Most notably, the last-served rule is not inconsistent with the requirement that defendants unanimously join in a removal notice because we do not construe a defendant's failure to file a notice of removal as an affirmative decision not to join another defendant's removal request in the future. *See Delalla*, 660 F.3d at 188; *Destfino*, 630 F.3d at 956. Moreover, we agree that the Supreme Court's holding in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)—that the thirty-day removal period begins upon formal

service of process—"cuts against binding later-served defendants to decisions made before they were joined."[5] *Destfino*, 630 F.3d at 956.

For the purpose of applying the pre-amended removal statute, we adopt the later-served rule and hold that each defendant has thirty days from when he received service to file a notice of removal. Accordingly, the City Defendants' notice of removal was timely.

Pietrangelo also contends that even under the later-served rule, the remaining Defendants' consent to removal was untimely. We disagree for substantially the same reasons stated by the district court in its October 7, 2009 Opinion and Order. The pre-amendment § 1446(b) speaks only of the "requirements for filing a notice of removal; it does not speak to joinder in another defendant's notice of removal."[6] *Delalla*, 660 F.3d at 188. District courts within this Circuit, however, have consistently interpreted

[5] Since *Murphy Brothers*, district courts in this Circuit have generally applied the later-served rule. *See, e.g.*, *Barnhart v. Federated Dep't Stores, Inc.*, No. 04 Civ. 3668, 2005 WL 549712, at *6 (S.D.N.Y. Mar. 8, 2005); *Fernandez v. Hale Trailer Brake & Wheel*, 332 F. Supp. 2d 621, 622-24 (S.D.N.Y. 2004); *Piacente v. State Univ. of N.Y. at Buffalo*, 362 F. Supp. 2d 383, 390 (W.D.N.Y. 2004); *Varela v. Flintlock Constr., Inc.*, 148 F. Supp. 2d 297, 300 (S.D.N.Y. 2001).

[6] We recognize that the current version of § 1446(b) does address joinder and consent to removal. *See supra* note 3. Accordingly, we note that our discussion here pertains only to the pre-amendment statute.

the statute "as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'" *Beatie & Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 383 (S.D.N.Y. 2006). Although we have not yet advised what form a consent to removal must take, we agree with the district court that the remaining defendants must independently express their consent to removal. *See Ricciardi v. Kone, Inc.*, 215 F.R.D. 455, 458 (E.D.N.Y. 2003)*; Codapro Corp. v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998). We conclude that the Alvas Defendants and Attorney General Sorrell satisfied this requirement when they submitted letters to the court within the thirty-day removal period. Moreover, we find no error in the district court's decision to consider those letters of consent timely despite their noncompliance with the format requirements of Local Rule 5.1. *See Contino v. United States*, 535 F.3d 124, 126-27 (2d Cir. 2008).

We have considered Pietrangelo's remaining arguments pertaining to the denial of his motion to remand and find them to be without merit. For the foregoing reasons, and the reasons set forth in the Summary Order accompanying this Opinion, the judgment of the district court is hereby **AFFIRMED.**