Thompson v. Accent Capital et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand twelve.

PRESENT:
> JOHN M. WALKER, JR.,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges.*

_____

MELVIN THOMPSON,

> *Plaintiff-Appellant,*

> v.                                              No. 11-3837

ACCENT CAPITAL, TERRENCE RIORDAN, BARCLAYS
CAPITAL REAL ESTATE d/b/a HOMEQ, NEW CENTURY
MORTGAGE CORPORATION, DEUTSCHE BANK,
OCWEN LOAN SERVICING, LLC, MORGAN STANLEY,

> *Defendants-Appellees.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Melvin Thompson, *pro se*, Derby, CT. |
| For Defendants-Appellees: | Geoffrey K. Milne, Hunt Leibert Jacobson, PC, Hartford, CT, *for defendants-appellees Accent Capital, Terrence Riordan, New Century Mortgage Corporation, Deutsche Bank, Ocwen Loan Servicing, LLC, and Morgan Stanley*; David M. Bizar, Seyfarth Shaw LLP, Boston, MA, *for defendant-appellee Barclays Capital Real Estate, Inc., f/d/b/a Barclays HomEq Servicing.* |

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *C.J.*).

**ON CONSIDERATION WHEREOF,** it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Melvin Thompson, proceeding *pro se*, appeals from the district court's judgment entered August 22, 2011, denying his motion to remand the case to state court, granting the motion filed by certain defendants to dismiss the claims raised against them, and *sua sponte* dismissing his remaining claims.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's denial of a motion to remand *de novo*. *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 64 (2d Cir. 2012) (per curiam). We also review *de novo* a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). Although we have not yet decided whether we review a district court's *sua sponte* dismissal of a complaint pursuant to its inherent authority *de novo* or for abuse of discretion, we are not required to decide the proper standard in this case, as the district court's decision withstands scrutiny under either standard.

---

[1] The judgment from which Thompson appeals gave him leave to amend his complaint against defendants Accent Capital and Riordan within 30 days. Before the 30 days expired, Thompson filed his notice of appeal. Although a dismissal with leave to amend is a non-final judgment and is not appealable, by filing his notice of appeal and allowing the 30-day period to expire, Thompson has disclaimed any intent to amend and allowed the non-final judgment to ripen into a final judgment. *See Slayton v. Am. Express Co.*, 460 F.3d 215, 224–25 (2d Cir. 2006) (holding disclaimer of intent to amend renders non-final judgment final).

2

Here, for substantially the same reasons as those stated in its decision, the district court properly denied Thompson's motion to remand, granted the motion filed by the defendants who appeared in the action to dismiss his claims against them as time-barred, and *sua sponte* dismissed his claims against the remaining defendants as time-barred. On appeal, Thompson, for the most part, either reiterates arguments that the court explicitly rejected or raises arguments that have no relevance to the court's decision. The sole issue he raises on appeal that was not addressed by the district court is that removal was improper because defendants Accent Capital and Terrence Riordan did not join in or consent to the notice of removal, as required by 28 U.S.C. § 1446(b). Although the district court did not explicitly address this argument, it did conclude that those defendants had been fraudulently joined in the action. Defendants who are joined fraudulently are not required to consent to the notice of removal. *See* 28 U.S.C. § 1446(b)(2)(A) ("[A]ll defendants who have been *properly joined* and served must join in or consent to the removal of the action.") (emphasis added); *see also Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) (holding no consent to removal required by defendants fraudulently joined); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1009 n.2 (3d Cir. 1987) (same). Thompson's argument is thus unavailing.

We have considered Thompson's remaining arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3