GLD-088                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4014
_____

JAMES COPPEDGE,
Appellant

v.

CITY OF PHILADELPHIA, JAMES C. VANDERMARK, ASSISTANT CITY SOLICITOR
FOR: JOAN DECKER, COMMISSIONER OF DEEDS; LEONARD B. ZUCKERMAN, ESQ.,
ATTORNEY FOR HOMESTEAD, INC. AN ARM OF J.P. MORGAN CHASE;
ANDREW L. MARKOWITZ, ESQ., ATTORNEY FOR J.P. MORGAN CHASE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-01917)
District Judge:  Honorable Thomas N. O'Neill

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 28, 2012

Before:  FUENTES, FISHER and ROTH, Circuit Judges

(Opinion filed: February 14, 2013 )
_____

OPINION
_____

PER CURIAM

       James Coppedge appeals the District Court's dismissal of his claims and its denial

of his motions for recusal and reconsideration.  We have jurisdiction under 28 U.S.C.

§ 1291, and our review is generally de novo, see Reilly v. Ceridian Corp., 664 F.3d 38, 41 (3d Cir. 2011), although we review recusal and reconsideration decisions for abuse of discretion. See Delalla v. Hanover Ins., 660 F.3d 180, 183 n.2 (3d Cir. 2011); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We may affirm the District Court on any ground supported by the record. EEOC v. Westinghouse Electric Corp., 930 F.2d 329, 331 (3d Cir. 1991).

Coppedge's filings are not easily deciphered. To the extent that he directly challenges a state-court judgment pertaining to a mortgage foreclosure action, we agree with the District Court that, for substantially the same reasons discussed below, Coppedge's attack is barred by the Rooker-Feldman doctrine.[1] See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 166 (3d Cir. 2010) (prohibiting actions where "the plaintiff is inviting the district court to review and reject the state judgments"). Alternatively, to the extent that Coppedge's filings, when construed liberally, allege claims that survive Rooker-Feldman scrutiny, see Lance v. Dennis, 546 U.S. 459, 464 (2006) (per curiam), we conclude that he has failed to articulate sufficient facts to state a claim upon which relief could be granted. See Burtch v. Milberg Factors, Inc., 662 F.3d 212, 225 (3d Cir. 2011).

Ordinarily, a pro se plaintiff must be given leave to amend his complaint if it is vulnerable to a motion to dismiss. Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). "Among the grounds that could justify a denial of leave to amend are

---

[1] D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997)). Based on Coppedge's filings both below and in this Court, which are at best unresponsive to judicial requests, we have no trouble concluding that affording additional leave to amend would be futile.

Finding no abuse of discretion in the denial of recusal or reconsideration, and finding no substantial question presented in general by this appeal, we will summarily affirm. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); see also 3d Cir. LAR 27.4 and I.O.P. 10.6.