12-3826-cv
Gomes v. ANGOP

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand thirteen.

PRESENT: GUIDO CALABRESI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
<u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - - - - -x

JOAO CARLOS SALVADOR GOMES,
<u>Plaintiff-Appellant</u>,

-v-                                12-3826-cv

ANGOP, ANGOLA PRESS AGENCY, <u>et al.</u>,
<u>Defendants-Appellees</u>.

- - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:      Joao Carlos Salvador Gomes, <u>pro se</u>, Jackson Heights, New York

FOR DEFENDANTS-APPELLEES:     Marjorie E. Berman, Krantz & Berman, LLP, New York, New York,

and Andrew Z. Schwartz, Foley Hoag
LLP, Boston, Massachusetts.

Appeal from the United States District Court for the
Eastern District of New York (Irizarry, J.).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND
DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-appellant Joao Carlos Salvador Gomes,
proceeding pro se, appeals from the district court's judgment
entered August 24, 2012, dismissing his complaint with
prejudice.  By opinion and order entered August 22, 2012, the
district court granted defendants' motion to dismiss for lack of
personal jurisdiction and lack of subject matter jurisdiction,
and denied Gomes's motions, inter alia, to remand the case to
state court.  On appeal, Gomes raises a host of arguments.  He
also moves for leave to supplement the record on appeal and to
file a supplemental appendix.  We assume the parties'
familiarity with the facts, procedural history, and issues for
review.

As an initial matter, we deny Gomes's motions to
supplement the record.  The record on appeal is typically
limited to "the original papers and exhibits filed in the
district court."  Fed. R. App. P. 10(a)(1).  Similarly, the
appendix consists of "the relevant docket entries in the

-2-

proceeding below" and "the relevant portions of the pleadings, charge, findings, or opinion." Fed. R. App. P. 30(a)(1)(A)-(B). Here, Gomes had ample opportunity below to submit evidence and did, in fact, submit hundreds of pages of exhibits in support of his arguments. "Ordinarily, material not included in the record on appeal will not be considered." Loria v. Gorman, 306 F.3d 1271, 1280 n.2 (2d Cir. 2002) (internal citation omitted). No "extraordinary circumstances" are apparent here that would cause us to consider anything outside the record. See Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 124 (2d Cir. 2010) (quoting Int'l Bus. Mach. Corp. v. Edelstein, 526 F.2d 37, 45 (2d Cir. 1975)).

We review de novo a district court's decision to deny a motion to remand. Pietrangelo v. Alvas Corp., 686 F.3d 62, 64 (2d Cir. 2012). In reviewing a district court's decision to dismiss a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions de novo. Maloney v. Soc. Sec. Admin., 517 F.3d 70, 74 (2d Cir. 2008) (per curiam). Likewise, when a district court dismisses a complaint for lack of personal jurisdiction, we review factual findings for clear error and legal conclusions de novo. Marvel Characters, Inc. v. Kirby, 726 F.3d 119, 128 (2d Cir. 2013).

-3-

We have conducted an independent review of the record, and we affirm the district court's denial of Gomes's motion to remand and its dismissal of his complaint for lack of personal and subject matter jurisdiction, substantially for the reasons stated by the district court in its thorough opinion and order.

We have considered all of Gomes's remaining arguments and conclude that they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.  It is further ordered that Gomes's motions are **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk