**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-1334, 22-1335 & 22-1355
_____

RONALD SATISH EMRIT,
                                                          Appellant

v.

PNC BANK

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action Nos. 2-21-cv-01057 & 2-22-cv-00199)
District Judge:  Honorable William S. Stickman IV
and
on Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-03623)
District Judge:  Honorable Timothy J. Savage

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 6, 2022
Before:  MCKEE, SHWARTZ, and MATEY, Circuit Judges

(Opinion filed 10/3/2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Before the Court are consolidated appeals brought by Appellant Ronald Emrit challenging the District Courts' orders. For the reasons that follow, we will affirm two of the District Courts' judgments and dismiss a third appeal for lack of jurisdiction.

In August 2021, Emrit filed a complaint in the District Court for the Western District of Pennsylvania against PNC Bank (PNC) alleging that it "unexpectedly closed" his three bank accounts, which "undoubtedly negatively affected his credit score," and caused PNC to reject a subsequent deposit from the IRS of his $600 stimulus check. See W.D. Pa. Civ. No. 2:21-cv-01057.[1] Emrit asserted state law causes of action for breach of contract (Claim

---

[1] Emrit filed identical complaints in various district courts in Pennsylvania, Virginia, and West Virginia. As relevant here, he filed a complaint in the District Court for the Eastern District of Pennsylvania, which was docketed at E.D. Pa. Civ. No. 2-21-cv-03623. By order entered February 3, 2022, the District Court transferred that case to the Western District of Pennsylvania, where it found an identical complaint had been filed and PNC Bank is located. In an order entered February 7, 2022, the transferred case was dismissed as duplicative to the case filed at W.D. Pa. Civ No. 2:21-cv-01057. Emrit filed a notice of appeal from the transfer order, see C.A. No. 22-1335, and from the February 7th order, see C.A. No. 22-1355. Those appeals were consolidated with the appeal from the final order entered in W.D. Pa. Civ No. 2:21-cv-01057. See C.A. No. 22-1334. We lack jurisdiction to consider the appeal in C.A. No. 22-1335 because a transfer order is not itself final and must be appealed as part of a final judgment. See Delalla v. Hanover Ins., 660 F.3d 180, 184 n.2 (3d Cir. 2011); Carteret Sav. Bank, F.A. v. Shushan, 919 F.2d 225, 228 (3d Cir. 1990); Nascone v. Spudnuts, 735 F.2d 763, 772-73 & n.9 (3d Cir. 1984). While we have jurisdiction over C.A. No. 22-1355, Emrit does not challenge the transfer order, and we find no error with the dismissal. See Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc) (recognizing that a plaintiff is prohibited from "maintain[ing] two separate actions involving the same subject matter at the same time in the same court and against the same defendant").

2

1), negligence, conversion, products liability (Claims 2-4), breach of implied warranty of fitness for particular purpose, breach of implied warranty of merchantability (Claims 5 & 6), and breach of banking and usury laws (Claim 7). The District Court granted PNC's motion to dismiss the complaint on all counts for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). Emrit appeals.

We have jurisdiction over a district court's final order under 28 U.S.C. § 1291. We exercise plenary review over a dismissal pursuant to Rule 12(b)(6), see Spruill v. Gillis, 372 F.3d 218, 226 (3d Cir. 2004), and ask whether the complaint contained "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

In his brief, Emrit raises just a single claim: that the District Court abused its discretion in failing to address whether he "should have been awarded" a $1,500 "settlement offer." Br. at 4. We find no error by the District Court as there was no claim for a breach of a settlement agreement before it. We note that, in his response to PNC's motion to dismiss, Emrit argued that the parties had "reached a settlement agreement/stipulation" on which he had relied to his detriment. See ECF No. 18 at 1.[2] However, he subsequently asked the District Court to take "judicial notice" of a "*proposed* settlement" which PNC Bank had "withdrawn," ECF No. 20 at 2 (emphasis

---

[2] All references to the District Court docket are to W.D. Pa. Civ. No. 2-21-cv-01057.

added), and PNC responded that "[n]o settlement has been reached with Plaintiff," ECF No. 25 at 1 n.2. Thus, the single argument Emrit presses lacks merit.

Because Emrit raises no other arguments in his brief, he has forfeited any challenges he may have to the District Court's rulings. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020); see also Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (noting that pro se litigants "must abide by the same rules that apply to all other litigants"). In any event, we discern no error.

First, the District Court, applying Pennsylvania law,[3] correctly determined that Emrit's breach of contract claim failed as a matter of law. The Account Agreement for Personal Checking, Savings and Money Market Accounts ("the Agreement"), which governed his PNC checking accounts, explicitly states that the parties could close the accounts "at any time by providing written notice" and that "[a]ny additional deposits or electronic credits . . . will be returned to the originator." ECF No. 9-1 at 13. Emrit admits in his complaint that PNC informed him that his accounts would be closed, but he alleges that it failed to give him a reason for the closures. See ECF No 3 at 4. PNC did not have a duty under the Agreement to provide an explanation for closing an account. Accordingly,

---

[3] As a federal court sitting in diversity, the District Court was required to apply the choice-of-law rules of Pennsylvania, the forum in which it sits. Klaxon Co. v. Stentor Mfg. Co., 313 U.S. 487, 496 (1941). PNC, which is headquartered in Pennsylvania, argued that that state's laws should apply. Emrit, who resides in Florida but opened the checking accounts in Maryland, did not take a position on the issue; the District Court therefore applied Pennsylvania law. We will do the same. See Williams v. BASF Catalysts LLC, 765 F.3d 306, 316 (3d Cir. 2014) (holding that parties may forfeit choice-of-law issues).

there was no basis in the complaint for finding PNC liable for breach of contract. Kane v. State Farm & Cas. Co., 841 A.2d 1038, 1042 (Pa. Super. Ct. 2003) (noting that breach of duty is an element of a breach of contract claim).

We also agree with the District Court that Emrit's tort claims (Claims 2-4) are barred by Pennsylvania's "gist of the action" doctrine, which bars litigants from "re-casting ordinary breach of contract claims into tort claims." eToll, Inc. v. Elias/Savion Advert., Inc., 811 A.2d 10, 14 (Pa. Super. Ct. 2002). The same allegation underlying all of Emrit's tort claims – that PNC "unexpectedly closed" the accounts – stems from a breach of duties allegedly imposed by the Agreement, not by law as a matter of social policy. See Bruno v. Erie Ins. Co., 106 A.3d 48, 68 (Pa. 2014) (explaining that a claim sounds in tort if it "involves the defendant's violation of a broader social duty owed to all individuals"). Therefore, because the gravamen of Emrit's action sounds in contract, the tort claims were subject to dismissal.

Nor did the District Court err in dismissing Emrit's claims under the Sales Article of the Uniform Commercial Code as adopted by Pennsylvania for breach of implied warranty of merchantability and implied warranty of fitness or his claim for "Breach of Banking and Usury Laws" (Claim 7). We reach this conclusion, in part, because the claims here are not based upon a "good". Finally, because amendment would have been futile, the District Court properly dismissed the complaint with prejudice. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

5

Based on the foregoing, we will affirm the District Courts' judgments in W.D. Pa. Civ. No. 2-21-cv-01057 and W.D. Pa. Civ. No. 2-22-cv-00199, and we will dismiss the appeal taken from the District Court's order in E.D. Pa. Civ. No. 2-21-cv-03623 for lack of jurisdiction.