**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1048
_____

JAMES RIFFIN,
                                        Appellant
v.

NEW FREEDOM BOROUGH; ANN SHEMO;
DENNIS SARPEN; STEVEN HOVIS;
STOCK AND LEADER, P.A.; STEPHEN MCDONALD;
CGA LAW FIRM; FRANKLIN SQUARE VENTURES, LLC;
FRANKLIN LAND DEVELOPMENT L.P.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-21-cv-00313)
District Judge:  Honorable Yvette Kane
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 1, 2023
Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: April 25, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

James Riffin appeals pro se from the District Court's order dismissing his third amended complaint. For the following reasons, we will affirm.

I.

Riffin owns a parcel of land ("Lot Two") in New Freedom Borough, York County. His parcel abuts two other parcels ("Lot One" and "Lot Three"). The three lots previously belonged to Larry LaMotte. LaMotte inherited Lot Two in 1995 and operated a restaurant there. He acquired Lots One and Three a few years later to provide off-street parking for the restaurant. The subdivision plan that established Lots One and Three contained restrictive covenants (the "Restrictive Notes") prohibiting the separation of those lots from Lot Two absent Borough approval. Despite this restriction, when LaMotte's restaurant closed in 2009, he conveyed Lots One and Three to a neighboring property owner, Franklin Land Investment, Inc.,[1] without obtaining Borough approval. On September 17, 2018, LaMotte sold Lot Two to Riffin, who intended to reopen a restaurant there. He could not do so, however, without off-street parking.

On September 20, 2018, Riffin commenced an action in the York County Court of Common Pleas to set aside LaMotte's conveyances of Lots One and Three to FLP. In response to Riffin's suit, FLP's attorney, Steve McDonald, drafted "Resolution 2018-02," which in effect retroactively approved the separation of Lots One and Three from Lot Two. The Borough adopted the Resolution on October 15, 2018.

On November 2, 2018, FLP filed preliminary objections to Riffin's complaint

---

[1] Franklin Land Investment is the predecessor of defendant/appellee Franklin Land Development ("FLP"). Br. 5, ECF 35.

asserting, inter alia, that it had obtained approval of the conveyance. FLP attached a copy of Resolution 2018-02 to its filing. On November 30, 2018, Riffin filed a response objecting to FLP's introduction of and reliance upon the Resolution.[2]

More than two years later, on February 19, 2021, Riffin commenced this action pursuant to 42 U.S.C. § 1983 claiming that the drafting, presentation, and adoption of Resolution 2018-02 violated his due process rights. Riffin v. New Freedom Borough, M.D. Pa. Civ. No. 1:21-cv-00313 ("Riffin 1"). He also asserted that the adoption of the resolution was procedurally improper under Pennsylvania's Borough Code and Local Agency law and constituted common law fraud. Riffin named as defendants the following individuals and entities involved in the adoption of the Resolution: Steve McDonald, the FLP attorney who prepared Resolution 2018-02; FLP; CGA Law Firm, the firm that represented FLP; New Freedom Borough; Dennis Sarpen, the Borough Council's former president; Ann Shemo, the Borough Council member who introduced Resolution 2018-02 at the October 15, 2018 hearing; Steven Hovis, solicitor for the Borough; Stock and Leader, P.A., Hovis's law firm; and Franklin Square Ventures ("FSV"), a private land development company currently leasing the parking lot at Lot Three.[3] Riffin amended his complaint once by right and twice by leave of court. He

---

[2] The Court of Common Pleas overruled FLP's preliminary objections, and the matter proceeded to trial in September 2022. Riffin failed to appear at trial, however, and the action was dismissed. Riffin appealed. That appeal, Riffin v. Franklin Land Inv. LLC, 1451 MDA 2022, remains pending as of the date of this writing.

[3] Riffin has explicitly abandoned his claims against Stock and Leader and CGA. Reply 37, ECF No. 53.

sought leave to amend it several more times, but the Magistrate Judge denied his requests, and the District Court denied his appeals from those rulings.

In March 2021, Riffin filed a second action in the York County Court of Common Pleas. Defendants New Freedom Borough, Shemo, and Sarpen (the "Borough defendants") removed it to the District Court, where it was docketed as Riffin v. New Freedom Borough, M.D. Pa. Civ. No. 1:21-cv-00707 ("Riffin 2"). The Borough defendants later moved to consolidate Riffin 1 and Riffin 2, and the Magistrate Judge granted their request. ECF No. 106. Riffin appealed the Magistrate Judge's order, but the District Court deferred to the Magistrate Judge's discretion and denied the appeal.[4] ECF No. 126. Riffin then moved the court to remand Riffin 2 back to state court because, he asserted, most of his claims were based on violations of state, not federal, law. ECF 138. The Magistrate Judge did not immediately rule on the motion to remand.

Meanwhile, all defendants had moved to dismiss the operative complaint, asserting, inter alia, that Riffin's § 1983 claims were time-barred. The Magistrate Judge recommended dismissal on that ground. ECF No. 142. With respect to Riffin's state-law claims, the Magistrate Judge recommended that the District Court decline to exercise supplemental jurisdiction over them and dismiss them without prejudice to Riffin refiling them in state court. In light of that recommendation, the Magistrate Judge also recommended that the District Court dismiss as moot Riffin's motion to remand in Riffin 2. The District Court adopted the Report and Recommendation over Riffin's objections,

_____

[4] Riffin petitioned for review of this interlocutory order, but we dismissed the appeal for lack of jurisdiction. C.A. No. 22-8004 (order entered on Mar. 22, 2022).

dismissed the § 1983 claims with prejudice, and dismissed the state-law claims without prejudice. This appeal followed.

II.

We have jurisdiction over the District Court's orders pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 151 (3d Cir. 2018). We review the District Court's order affirming the Magistrate Judge's denial of his motion to amend his complaint for abuse of discretion. See Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009). We exercise plenary review over the District Court's order denying the motion to remand the complaint in Riffin 2. See Delalla v. Hanover Ins., 660 F.3d 180, 184 (3d Cir. 2011). Our review is limited to the issues identified in Riffin's appellate brief. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

III.

We have carefully reviewed the record and agree with the District Court that Riffin's due process claims were time-barred under the applicable two-year limitation period. See Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009) ("[A] § 1983 claim is governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises."); 42 Pa. Cons. Stat. § 5524 (providing that the statute of limitations for personal injury claims in Pennsylvania is two years). As the District Court explained, Riffin's claims all stem from the events surrounding the Borough's adoption of Resolution 2018-02, of which he was aware no later than November 30,

5

2018, when he objected to the Resolution in his response to FLP's preliminary objections in the York County proceedings. The limitations period began to run at that time and expired two years later, on November 30, 2020. Riffin did not file his complaint in the District Court until more than two months later, on February 19, 2021.[5] That the action was time-barred was apparent from the face of the operative complaint.[6] See Fried v. JP Morgan Chase & Co., 850 F.3d 590, 604 (3d Cir. 2017) (explaining that a defendant may raise a statute-of-limitations defense in a Rule 12(b)(6) motion if it is apparent from the face of the complaint that the claims are time-barred).

Riffin next challenges the Magistrate Judge's and District Court's denials of his motions seeking leave to file fifth and sixth amended complaints. In particular, he argues that he should have been permitted to add claims that the non-state and state actors, by drafting, presenting and enacting Resolution 2018-02, conspired to deprive him of due process and deny him access to the courts. The Magistrate Judge denied these requests

---

[5] To the extent that Riffin argues that his federal claims against FSV accrued in June 2019, when the Borough approved phases one and two of its development plan, and January 2021, when it approved phase three, we decline to address whether these claims were time-barred because, regardless, FSV is not a state actor. See Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (explaining that only those who act under color of state law are liable to suit under § 1983).

[6] Riffin argues in his appellate brief that he lacked standing to challenge the Resolution at the time he filed his federal complaint because, he contends, he had not yet suffered any injury. It appears to us, however, that he is really arguing that his cause of action did not accrue until sometime after the Resolution was issued. Evaluating Riffin's allegations of standing under the same "plausibility" standard that governs statement of a claim, In re Schering Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012), we are satisfied that his allegations that the Resolution harmed his property interests and value are adequate to establish standing, see generally Toll Bros., 555 F.3d at 142; Children's Health Def. v. FCC, 25 F.4th 1045, 1049 (D.C. Cir. 2022).

6

on the ground that Riffin could have included these claims in his prior pleadings, and the District Court concluded that the Magistrate Judge's ruling was not clearly erroneous or contrary to law under 28 U.S.C. § 636(b)(1)(A).

We see no abuse of discretion here. Among the factors justifying denial of leave to amend under Federal Rule of Civil Procedure 15(a)(2) are undue delay, bad faith or dilatory motive, prejudice to the opposition, repeated failures to correct deficiencies with previous amendments, and futility of the amendment. Mullin v. Balicki, 875 F.3d 140, 149 (3d Cir. 2017) (citing Forman v. Davis, 371 U.S. 178 (1962)). Riffin was given several opportunities to plead claims that would survive the defendants' motions to dismiss; as the Magistrate Judge explained, "[l]eave to amend cannot continually be granted every time a plaintiff gleans more knowledge." Mem. 4, ECF No. 106; see also Gasoline Sales, Inc. v. Aero Oil Co., 39 F.3d 70, 74 (3d Cir. 1994) ("[T]hree attempts at a proper pleading is enough, and a plaintiff has to carefully consider the allegations to be placed in a complaint before it is filed." (quotation marks omitted)). In any event, amendment would have been futile because Riffin's proposed conspiracy claims, like his other § 1983 claims, would have been barred by the applicable statute of limitations. See Cowell v. Palmer Twp., 263 F.3d 286, 296 (3d Cir. 2001).

Finally, Riffin contends that the District Court lacked subject-matter jurisdiction over Riffin 2. But we have reviewed the complaint in Riffin 2 and agree with the District Court that the pleading clearly set forth claims "arising under the Constitution, treaties or laws of the United States" giving rise to jurisdiction under 28 U.S.C. § 1441(b). See, e.g., Compl. 39, ECF No. 1-2 in 21-cv-00707 (asserting that defendant Hovis's actions

7

"violated [his] U.S. Constitutional Right to Due Process, as guaranteed by the 5th and 14th Amendments to the U.S. Constitution"). That Riffin, a pro se litigant, did not specifically reference 42 U.S.C. § 1983 is of no moment.

## IV.

We have reviewed Riffin's remaining arguments on appeal and conclude that they are meritless. Accordingly, we will affirm.